FARMER v. ZINN et al. (No. 524–4203.)

(Commission of Appeals of Texas, Section B. Oct. 21, 1925.)

1. Wills ⚶⚮782(3)—Testator's will held to put widow upon her election to claim under it as devisee or against it as survivor in community.

Will, plainly disposing, as property of testator, property which, under the description he gave it in the will, was plainly community property, *held* to put widow upon her election to claim under the will as a devisee or against it as survivor in the community.

2. Wills ⚶⚮788—Election ordinarily is question of fact.

Election ordinarily is question of fact.

3. Wills ⚶⚮792(5)—Evidence held sufficient to support finding widow elected to take under will as devisee as against her right to oppose it as survivor in community.

Evidence that the widow in due time and manner caused testator's will to be probated, that she filed an inventory and took possession of the lands devised to her, *held* sufficient to sustain finding that she elected to claim under the will as a devisee instead of opposing it as survivor in community.

4. Appeal and error ⚶⚮1094(1)—Fact question of widow's election is for trial court in first instance, and afterward for Court of Civil Appeals.

Fact question of widow's election is for trial court in first instance, and afterward for Court of Civil Appeals.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by Lou Lee Zinn and others against W. W. Farmer. Judgment for plaintiffs was

affirmed by the Court of Appeals (261 S. W. 1073), and defendant brings error. Judgment of trial court and of Court of Civil Appeals affirmed.

Fred T. Arnold, of Graham, and Capps, Cantey, Hanger & Short and E. A. McCord, all of Fort Worth, for plaintiff in error.

Johnson & Johnson and Thos. G. Binkley, all of Graham, for defendants in error.

SPEER, J. Lou Lee Zinn and others instituted this suit against W. W. Farmer and others in trespass to try title and for partition of certain lands in Young county. All the parties are devisees or heirs of devisees under the will of W. H. Farmer, who died in 1906. The land in controversy was the community property of W. H. Farmer and his wife, M. A. Farmer.

[1] The issues tried and determined by the trial court were whether or not the will of W. H. Farmer attempted to dispose of the community property of his wife, and whether or not she had elected to take under the will any property or rights inconsistent with her rights as surviving wife. The trial court held that the will put the wife to her election, and that she had elected thereunder, and rendered judgment accordingly. This judgment was affirmed by the Court of Civil Appeals, and that affirmance is called in question by the writ of error granted. We think the judgments of both courts are right and should be finally affirmed. The will under review is as follows:

"First. I will and bequeath unto my beloved wife, Margaret A. Farmer, my farm, pasture, orchard and residence; about 700 acres of survey No. 2, block A and 160 acres J. C. Smith pre-emption, near Farmer, Young county, Texas, and all of my household and kitchen furniture, ten cows and calves, and all the tools, crops and rents, all provisions on hand, half of wagon and buggy, and two choice horses, all of which she has absolute right to during her lifetime; at her death to go to my children as I will name, to wit: * * *

"Second. I will that at the death of my beloved wife Margaret A. Farmer, that the 700 acres of land and other lands that I may be in possession of, money, property, and effects, shall be divided equally between * * * "

"Fourth. I will that my wife have power in law to sell all my property, real and personal and to make and deliver deed to same; except the 700 acres above named and that shall not be sold until her death.

"Fifth. I will and appoint my beloved wife my executrix, giving her power over my estate, and that there be no administrator except to probate this will; and that my administratrix be not required to give bond.

"Sixth. I will that my wife have power to lay off other lands in town lots, and that she may sell lots thus laid off, or that are now laid off, and make deeds to same."

It is true that a construction which favors the conclusion that a testator meant to dispose of property which did not belong to him will not be adopted unless it very clearly appears that such was the intention of the testator. On the contrary, the most natural presumption is that the testator meant to dispose of his own property, and that presumption and construction have usually been adopted where the testator in describing the property referred to it in such terms as "my property," "all property owned by me," and the like. But where, as here, the testator not only refers to the property as "my" property, but specifically describes the property in such way as to show an intention to dispose of property not owned by him, there is no room for presumption or construction, but the plain expressed intention must prevail. It is perfectly apparent that the testator in this case meant to dispose of the 800 acres, and more, in Young county, and his designating it as "my farm, pasture, orchard and residence," rather accentuates his intention. To construe the will as disposing of the testator's community interest only contradicts the instrument, for it expressly purports to dispose of "about 700 acres of survey No. 2, block A and 160 acres J. C. Smith pre-emption, near Farmer, Young county, Texas," which the evidence indisputably shows was community property. Undoubtedly the will put Margaret A. Farmer upon her election to claim under it as a devisee or against it as survivor in community.

[2-4] It is next insisted that the wife has done nothing to evidence an election to take under the will. Election ordinarily is a question of fact. Both the trial court and the Court of Civil Appeals have held there was an election in this case, and it cannot be said such holding is without any evidence to support it. It is undisputed that Mrs. M. A. Farmer, in due time and manner, caused the will to be probated, filed an inventory, and took possession of the lands devised to her. These things constituted very cogent evidence of an election. At least they constituted some evidence upon that issue, and the sufficiency of it is a matter entirely for the trial court in the first place, and afterward for the Court of Civil Appeals. This precise question is decided in Dunn v. Vinyard (Tex. Com. App.) 251 S. W. 1043, where it is said:

"Counsel for plaintiffs in error stress the importance of the acts of Mrs. Dunn in joining in the application for the probate of the will and codicil, the taking of the oath as executrix, and the filing of an inventory and appraisement in which all the property was listed as belonging to the estate of Captain Dunn, as indicating an election on her part. That such acts are regarded as cogent evidence of an intention to elect is established by numerous authorities. There are cases holding that acts of this character, especially in the absence of evidence showing a contrary intention, conclusively establish an election."

The acts of Mrs. Dunn referred to in that opinion were held to raise the issue of election, and to make mandatory its submission.

We think the judgments of the trial court and of the Court of Civil Appeals should be affirmed, and we so recommend.

CURETON, C. J.　The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.