CHARLES H. WRIGHT ET AL V. MAY M. WRIGHT ET AL

No. A-4612. Decided January 5, 1955.
Rehearing overruled February 16, 1955.
(274 S.W. 2d Series 670)

140

*Wm. J. Jackson,* of Canadian, *Sanders, Scott, Saunders & Smith,* and *Howard F. Saunders,* all of Amarillo, for petitioners.

The Court of Civil Appeals erred in holding that issues of material fact exists and that the summary judgment of the Trial Court should not have been granted. Lesikar v. Lesikar, Texas Court of Civil Appeals, 251 S.W. 2d 555; Peet v. Commerce & E. S. Ry. Co., 70 Texas 522, 8 S.W. 203; Reserve Life Ins. Co. v. Buford, Texas Civ. App., 341 S.W. 2d 973.

*Hoover, Hoover & Cussen* and *Major E. J. Cussen,* all of Canadian, for respondent.

In responde to petitioners' points cited Gulbenkian v. Penn,

151 Texas 412, 252 S.W. 2d 929; Murchison v. Post Ind. Sch. Dist., 258 S.W. 2d 229; Kaufman v. Blackman, 239 S.W. 2d 422, error refused N.R.E.

MR. JUSTICE GARWOOD delivered the opinion of the Court.

The questions in this case, arising from the will of the late David C. Wright (hereinafter called testator) involve (1) the doctrine of election under the law of wills and (2) the practice of summary judgment.

Generally speaking, the contending parties are, (a) the respondent here and defendant below, Mrs. May M. Wright, who was the testator's widow and an executrix and beneficiary of the will as well as community survivor with respect to virtually all property that stood in the name of the testator at his death; (b) the petitioners here and plaintiffs below, who are the other executors and beneficiaries of the will, these beneficiaries being the nephews, nieces and sisters of the testator and also James Oren Price, a ranch employee of the testator.

The will, dated May 1, 1950, and set out in full in the footnote[1], was duly probated following the death of the testator on April 30, 1952, and parties (b) above filed this suit shortly thereafter. According to our view of their amended pleadings, they sought adjudications: (1) that the will disposes of the respondent's, as well as the testator's, interest in the community and thus confronts the respondent widow with an election between taking under it (to the exclusion of her rights as community half-owner) and repudiating the will along with whatever benefits it may afford her (thus taking only her community half under the statutes). Smith v. Butler, 85 Texas 126, 19 S.W.

---

1.
"WILL

"The State of Texas)
"County of Hemphill)

"I, DAVID C. WRIGHT, of the County of Lipscomb, and the State of Texas, being of sound mind and disposing mind and memory, and being desirous to settle my worldly affairs while I have strength to do so, do make this my last will and testament, hereby revoking all others by me heretofore made.

"1. I desire and direct that all of my just debts be paid out of my estate as soon after my death as is practical to do so having due regard to my estate and to my creditors. That all of my debts be paid out of my personal property before resorting to the sale of any of my real estate for the purpose of paying my just debts. The debts I have reference to in this paragraph are the debts I owe at the time of my death, and the last illness and funeral expenses of myself, and the expenses of probating this will, and settling up my estate. The State of Texas Inheritance Taxes, and the Federal Estate Taxes my estate may owe are to be paid by the beneficiaries named in this will in proportion to the

1083; Dakan v. Dakan, 125 Texas 305, 83 S.W. 2d 620; Colden v. Alexander, 141 Texas 134, 171 S.W. 2d 328; also Graser v. Graser, 147 Texas 404, 215 S.W. 2d 867; (2) that, assuming the election to be required, the respondent widow has in fact elected to reject the will; (3) that the rights of the parties under certain particular provisions of the will were as asserted by the plaintiffs; (4) that, contingent upon the respondent being bound by actual election to reject the will, certain property standing in the name of the testator at his death was either his separate property or subject to a substantial claim in favor of his separate estate for the value of improvements.

■ The petitioners in due course filed a motion for summary judgment seeking thereby (as we construe the motion) the abovementioned adjudications numbers (1), (2) and (3). The trial court granted the motion as to numbers (1) and (3), but refused it as to number (2). Both sides appealed, the respondent widow thereby attacking all of the court's rulings except its refusal to hold that she had actually made an election, while the plaintiffs-petitioners complained only of the latter. The Court of Civil Appeals held that genuine fact issues were involved and remanded the entire cause for a full trial. 274 S.W. 2d 414. In this court, the respondent widow defends the full remand, while the petitioners seek to restore their summary judgment and to add to it an adjudication of actual election which even the trial court refused. The issue as to whether a particular item or items of the property was separate or community (pleaded point No. 4 abovementioned) appears to have been settled against the petitioners by their judicial admission that all of the property standing in the name of the testator at his death, except his diamond ring, was community property of himself and the respondent.

---

appraised value of the share of my estate property received by each of them under this will for such State Inheritance and Federal Estate Taxes.

"2. I give devise and bequeath to my beloved sister Cecelia Hext, of Canadian, Texas, all of the following described real estate lying and being situated in Lipscomb County, Texas, to-wit:

"All of Section No. Seventy-seven (77) in Block No. Forty-three (43), H. & T. C. Ry. Co., Original Grantee.

"3. I give devise and bequeath to my beloved sister, Labena Beard, the wife of Ben Beard of Canadian, Texas, all of the following described real estate lying and being situated in Hemphill County, Texas, to-wit:

"All of Lot No. Four (4), and one-half (1/2) of Lot. No. Five (5), adjoining Lot No. Four (4), and running full length of said Lot Four (4), in Block No. Seventy (70), of the Original town of Canadian, Hemphill County, Texas. In fee simple to sell and dispose of as she may wish or see proper.

"4. I give, devise and bequeath to James Oren Price all of Section No. One Hundred (100) in Block No. Forty-three (43) H. & T. C. Ry. Co., Original Grantee, lying and being situated in Lipscomb, Texas, in fee simple, and to sell and dispose of as he may wish or see proper.

As to the actual election issue, it is enough to say that, even if the Court of Civil Appeals were wrong in its view that a genuine fact question was involved, the point is foreclosed against the petitioners by the refusal of the trial court to grant summary judgment on the particular issue. The denial of a motion for summary judgment is not an adjudication of the merits against the movant and, no doubt for this reason, is held in the federal courts to be interlocutory and thus unappealable. Jones v. St. Paul Fire & Marine Ins. Co., (5th Cir.) 108 Fed. 2nd 123; Atlantic Co. v. Citizens Ice & Cold Storage Co. (5th Cir.) 178 Fed. 2nd 453. We see no good reason to take a different view for our own practice, which derives from the Federal Rules. Neither the text of our summary judgment Rule (No. 166A) nor any other of our Rules of Civil Procedure suggest a different result than that reached in the mentioned decisions. Nor does the fact that part of the trial court's action granted summary judgment for petitioners and was thus appealable by respondent, necessarily make the part refusing summary judgment appealable by the petitioners. The issue of whether the respondent actually elected was severable from that of whether she was confronted with an election in the first place; so the situation is substantially the same as if the former issue had been the only one on which the petitioners sought summary judgment and it had been denied. True, where there is an appeal from that part of the court's order which grants summary judgment, it might be convenient to allow the appellate court to review also the part refusing summary judgment and itself to render summary judgment on the latter issue, if it concludes that the trial court ought to have done so. At the same time, since such a practice would be by way of exception to a general rule, any benefits might well be outweighed by the resultant confusion.

---

"5. All of the balance of my real estate which I now own and which I own at the time of my death I hereby declare to be the community property of myself and my wife, May M. Wright, and I hereby devise and bequeath to my beloved wife, May M. Wright, all of my community one-half of said community real estate for her natural life time, and at her death to vest in fee simple in my nephews and nieces, to-wit:

"Charles H. Wright, Nephew;
"W. R. Hext, Nephew;
"Wiley David Wright, Nephew;
"Mrs. Verdie Terrel, niece, and wife of Virgil R. Terrel, and
"Mrs. Marie Brown, niece, and wife of Marvin Brown, and share and share alike.

In this connection my wife, May M. Wright, is hereby given the full power of sale to sell my community one-half of said community real estate along with her community one-half of said real estate for any price she may see fit and proper, and for all cash. However, should she sell my community one-half of said community real estate, then and in that event she is to invest the proceeds from my one-half of said community real estate in United States Government Bonds,

■ We now pass to the remaining issues, to wit, the necessity of an election and the related matters of construction of the will. As to both, we conclude that summary procedure was proper, since only law questions were involved. We further conclude the terms of the summary judgment to be correct to the extent that the will, generally speaking, requires an election, the detailed effect of such election, if made, and the effect of particular provisions of the will being as hereinafter specifically determined.

On the first question, the sole matter for determination is one of law, to wit, whether the will is "open to no other construction" than that the testator intended to dispose of property (community interests) of the respondent, as well as his own community half. If the will does not dispose of property of the beneficiary, the latter is not put to an election, but may simply take what the will gives and also take his or her own community half interest. On the other hand, if the will disposes of property of the beneficiary and at the same time gives the latter some "benefit," however small, the beneficiary cannot take the benefit under the will without accepting also the disposition it makes of his or her own property. In the latter case, where a community interest is involved, the beneficiary must accordingly elect between taking under the will, with consequent loss as well as benefit, and, on the other hand, repudiating the will and taking only his or her community half interest independently of the will. In determining whether the will disposes of property of the beneficiary, the rule is, of course, that it does not so dispose unless it is "open to no other construction." Avery v. Johnson, 108 Texas 294, 192 S.W. 542, 544. See also Rogers v. Trevathan, 67 Texas 406, 3 S.W. 569; Smith v. Butler, supra; Schelb v. Sparenberg, 133 Texas 17, 124 S.W. 2d

---

and she is to have the interest from said United States Government Bonds until her death, and at her death said United States Government Bonds are to vest in fee simple in my three (3) nephews and two nieces named above herein, and share and share alike.

"6. I give, devise and bequeath unto my nephew, W. R. Hext my Diamond Finger Ring.

"7. I give, devise and bequeath to my beloved wife, May M. Wright, the following personal property, to-wit:

"(1) All of my life insurance.

"(2) All Government Bonds of every kind and character.

"(3) My automobile.

"(4) All household furniture and fixtures, and all chickens and poultry.

All in fee simple to sell and dispose of as she may wish or see proper.

"8. It is my will and desire that all of the residue of my personal property not disposed of in paragraphs Nos. 6 and 7, of this will, after the payment of all of my just debts, including my funeral expenses, and the expenses incident to the probating of this will shall go to the following named persons, and in the following portions, to-wit:

322; Baldwin v. Baldwin, 134 Texas 428, 135 S.W. 2d 92; Sailer v. Furche, Texas Comm. App., 22 S.W. 2d 1065; Farmer v. Zinn, Texas Comm. App., 276 S.W. 191. And for construction purposes, the will in its entirety must be looked into. Sailer v. Furche, supra; Cheatham v. Mann, Texas Civ. App., 133 S.W. 2d 264, wr. of er. refused. If the will is open to a different construction, that is, if it is ambiguous to this or a greater degree on the point, then, as a matter of law, the beneficiary is not required to elect, since as a matter of law his or her property is not disposed of by the will. This is the rule of all the decisions hereinabove cited.

■ Accordingly, in cases like the present, no fact question arises as to the actual (as distinguished from constructive) intent of the testator, since such an issue cannot exist unless the will is uncertain on the point, and that very uncertainty determines as a matter of law that no election is required. We therefore disagree with the reasoning of the Court of Civil Appeals that a fact issue was involved because parol evidence was needed to resolve ambiguity in the will. The case in this connection is therefore a proper one for summary proceedings, since only the law question mentioned in the preceding paragraph is involved.

■ As to the merits of that question, the will, at least as to certain items of property, is open to no other construction than that it disposes of the interest of the respondent. It need not, of course, dispose of the respondent's interest in every item of the comunity estate in order that a case of election be presented; and, by the same token, the fact that we construe dispositions of particular items of property to include the community half of the respondent, so as to require an election, does not necessarily mean that every other disposition (concern-

---

"(1) To my beloved wife, May M. Wright, an undivided one-half interest therein.

"(2) To my nephew, Charles H. Wright, an undivided one-tenth interest therein.

"(3) To my nephew, W. R. Hext, an undivided one-tenth interest therein.

"(4) To my nephew, Wiley David Wright, an undivided one-tenth interest therein.

"(5) To my niece, Mrs. Verdi Terrell, wife of Virgil R. Terrell, an undivided one-tenth interest therein.

"(6) To my niece, Mrs. Marie Brown, wife of Marvin Brown, an undivided one-tenth interest therein.

All in fee simple to sell and dispose of as they may wish or see proper.

"9. It is my further will and desire that should any of my nieces and nephews precede me in death, then and in that even their share of my estate herein devised and bequeathed to such niece or nieces, and nephew or nephews, who precede me in death, is to go to such deceased niece or nieces child or children, who survive them, share and share alike, but if any of my nieces or nephews who precede me in death, should die without issue of their body, then such niece or nephew who

ing other property) is meant to include it. And as to particular provisions that dispose merely of the testator's interest, the respondent's interest in the same item of property is not affected by her election to accept the will.

As against our general conclusion that the respondent must elect, she seems to suggest, on authority of the Court of Civil Appeals decision in Broughton v. Millis, Texas Civ. App., 67 S.W. 2d 650, no writ history, a qualification to the basic principles hereinabove stated. It is that in a situation such as the instant case, if we can reasonably deduce from the will an intent to make a partition of the community by giving the beneficiary the testator's interest in certain items of property without disturbing her own interest in the same items, while giving to third parties the full interest in certain other items, the will presents no need for election.

Assuming the cited decision to support the respondent's thesis, although we do not consider it clearly to do so, it cites no authority for its position and we ourselves have been able to find none. In theory we fail to see how, so far as the doctrine of election goes, to call a will a "testamentary partition" makes any difference. If it is a partition, the doctrine of election still applies. The essence of a partition is that it gives the parties full ownership of something, instead of a prior undivided ownership, and gives it in exchange for surrender of an undivided interest in something else. Equitably speaking, one can no more accept the benefits of a partition while rejecting its burdens than he or she can do so with regard to any contract, deed or will. Indeed, the majority of our decisions requiring election under a will involve community property of the testator and his or her surviving spouse and thus also involve in a general sense

---

precede me in death without issue of his or her body, his or her share of my estate assets hereby devised and bequeathed to her or him in this will shall go to my surviving nieces and nephews, in fee simple, and share and share alike.

"10. I hereby constitute and appoint my wife, May M. Wright, Charles H. Wright and W. R. Hext, my nephews, joint executrix and executors of this, my last will and testament, and direct that no bond, or security be required of them as such executrix and executors.

"11. It is my will and desire that my said executors, Charles H. Wright and W. R. Hext, to be paid the sum of $500.00 each, out of my estate, for the performance of their duties as such executors of my estate, and this in lieu of any commissions and fees allowed by law for such services, and that they are not to be paid any other compensation for such services.

"12. It is my will that no other action shall be had in the county court in the administration of my estate than to prove and record this will and to return an inventory and appraisement of my estate and list of claims.

"In Testimony Whereof I have hereto set my hand this the 1st day of May, A. D. 1950.

"S/David C. Wright."

a testamentary partition. But obviously any such "partition" must either be accepted as a whole or rejected as a whole by election of the survivor. The fact that the survivor may by the will get substantially the same *value* he or she would get, for example, in the case of a partition upon divorce, is beside the point. The point is that what the will gives the survivor shall be *different* from what the survivor owned without regard to the will, e.g., a life estate to the survivor in all the community with remainder in all the community to a friend of the testator, the money value of the life estate happening in the particular case to be equal to that of the survivor's community one-half. The latter case is a classical example of election and yet in a sense is a "testamentary partition." See cases cited in Texas Jur. and Texas Jur. 10-year Supp., "Wills," Sec. 294, including Dakan v. Dakan, 125 Texas 305, 83 S.W. 2d 620.

■ The question of whether the benefits which the will purports to give are benefits within the doctrine of election is likewise one of law and, as before indicated, does not depend upon the value of the benefits. Nor is it to be determined by comparing them with what the statutes of descent and distribution would afford the beneficiary in the absence of a will. If such were the test, the result in a case like the present, wherein there were no children of the testator, would be to regard the will as giving the respondent merely a part of what she was already entitled to, that is, the whole community estate. This is unsound, since her right to the whole is clearly subject to the testator's right to will his half to another. The proper test, therefore, is whether the alleged benefits granted her by the will are or are not something of which she could legally be deprived without her consent. If they are, there is a benefit, which she can accept only by accepting also the burden; if they are not, there is no benefit and thus no case of election. Accordingly, a bequest to the respondent of the testator's half of all or any part of the community estate is a benefit to her, although, absent a will, she would have inherited it and everything else.

■ Paragraphs 2, 3 and 4 of the instant will[1] by their terms dispose respectively of specific tracts of land "in fee simple to dispose of as she" (or he) "may wish or see proper" to each of the testator's two sisters and his ranch employee, James Oren Price. Such a disposition we have held to be open to no other construction than that the testator intended to include in the devise the community interest of the surviving spouse in the

1.—See note page 142.

property as well as his own interest. Farmer v. Zinn, Dakan v. Dakan, Cheatham v. Mann, all supra.

■ No less clearly did the will confer benefits on the respondent. For example, paragraph 5[1] gives her a life estate in "* * * * all of my community one-half" of "all of the balance of my real estate which I now own and which I own at the time of my death * * *"; and paragraph 7[1] either gives her the testator's half interest in government bonds and other particular items of property or its meaningless.

The will thus requires an election. But the effect of the election, should the respondent make it or be determined upon a trial to have already made it, will not necessarily be the same as it would be under the summary judgment of the trial court. The theory of the court was evidently that, all the estate in question being community as it was, and the terms of the will generally being what they are, every disposition of property in the will was intended to include the respondent's half interest therein. The respondent's attack on the judgment seems accordingly to have been on a similar basis—that either the will forced an election by disposing of the respondent's interest in the entire estate or else it disposed of none of her interest. However, the respondent's points in the Court of Civil Appeals undoubtedly present also separate attacks on the trial court's construction of particular provisions of the will, which we must review in order that the extent and effect of the election under our view of the will may be understood and applied. The questions thus presented being of construction and therefore of law, the result of our rulings will be to reform the summary judgment where we deem it to be erroneous and sustain it otherwise.

■ The point that the judgment should not have construed paragraph 1 of the will[1] to require payment of debts and funeral expenses from the personality of the community estate as distinguished from the testator's half thereof, is moot, since admittedly there are no debts and the funeral expenses were voluntarily paid.

■ The next point involves paragraph 5[1], which follows the beforementioned devises of specific tracts to the testator's sisters and ranch employee in paragraph 2, 3 and 4, respectively, and thus clearly refers to all other lands standing in the testa-

1.—See note 1 on page 143, 144.

tor's name. The judgment treated paragraph 5 as disposing of both community halves of the property in question, one of the halves thus going to the respondent in fee simple and the other to her for life with the additional privileges and responsibilities specified. The respondent's assertion that her half is not incorporated in this devise was in rebuttal of the petitioners' argument that the will required an election and is now largely immaterial, since we have held an election to be required by reason of other provisions. However, her construction of paragraph 5 is, in our opinion, clearly correct, with the result that her half interest, not being dealt with at all, is not affected by either her acceptance or rejection of the will, although rejection will mean foregoing the life estate in the testator's half.

Paragraph 6 gives the testator's diamond ring to a nephew; paragraph 7 gives to respondent the life insurance, government bonds, and other specific property; and paragraph 8 relates to "the residue of my personal property."[1]

The trial court appears to construe paragraph 7 as disposing of both community halves of the specific property mentioned, although the effect of such construction is that the provision bequeaths in fee to respondent her own half as well as the testator's. The respondent's contrary view, like her argument concerning paragraph 5, is now immaterial as regards the requirement of an election; and it can have no significance otherwise, since the respondent's half will go to her whether she accepts or rejects the will, although rejection will, of course, entail her abandonment of the bequest of the testator's half.

Paragraph 8[1] was construed to dispose of both halves of the personality residue, with the result that, by accepting the will, the respondent would receive only the same amount (one half) which she already owned as community partner, whereas, if she is correct in her contention that the bequest deals only with the testator's half, she would be entitled to half of the testator's half (one-fourth) under the will, and could accept this one-fourth and keep her own community half, thus having a total of three-fourths, without "disappointing" the will.

10   To uphold the court's construction is to sustain the thesis of the petitioners that the will taken as a whole disposes of both halves of the entire comunity estate, including the contention that the word "my" and similar possessive language, used throughout in connection with property, debts and so on, means

1.—See note 1, page 144.

"our" or "the interest of myself and my wife in." As previously suggested, we cannot accept this view. Although it may well be even the more probable construction, it is not the only one to which the will is open and, therefore, in the light of Avery v. Johnson, Sailer v. Furche, Farmer v. Zinn, and Schelb v. Sparenberg, all supra, we must hold that it refers only to the interest of the testator except in the particular instances where we have concluded that it refers to both. Decisions reaching a contrary result, such as Baldwin v. Baldwin and Cheatham v. Mann, both supra, relied upon other provisions in the wills there involved which required the construction there given to the possessive pronoun or its equivalent. While the sense in which these words are actually used in one provision is, indeed, relevant in determining the sense in which they were intended elsewhere in the same will, it is not necessarily conclusive. We agree with the respondent's construction of paragraph 8.

From the foregoing it follows that the judgment of the Court of Civil Appeals must be reversed in so far as it voided the summary judgment and remanded the cause for a trial in its entirety, although the result of its action is correct to the extent that it leaves undisturbed the trial court's refusal of the petitioners' motion for summary judgment on the issue of actual election.

It also follows that the summary judgment should be affirmed to the extent that it requires the respondent widow to make an election but modified as to construction of the will so as to conform to our above holdings, which in turn will affect the nature and results of her election, if made.

It is so ordered.

Associate Justice Walker not participating.

Opinion delivered January 5, 1955.

Rehearing overruled February 16, 1955.