**PAN AMERICAN PETROLEUM CORPO-RATION et al., Appellants,**

v.

**TEXAS PACIFIC COAL & OIL COMPANY et al., Appellees.**

No. 5346.

Court of Civil Appeals of Texas.

El Paso.

Jan. 28, 1959.

Rehearing Denied Feb. 18, 1959.

Lon Sailers, Turner, Rodgers, Winn, Scurlock & Terry, Dallas, Frank Ashby, Midland, for appellants.

Luther Hudson, Joe Bruce Cunningham, Hudson, Keltner & Sarsgard, Fort Worth, Stubbeman, McRae, Sealy & Laughlin, Hamilton E. McRae, Midland, for appellees.

FRASER, Justice.

We are confronted here with a motion to dismiss an appeal from the 83rd District Court, which granted a summary judgment in favor of appellees, as plaintiffs, against certain defendants who, it was alleged, were claiming some sort of an interest in the leaseholds held by the plaintiffs.

This law suit was filed against a number of defendants; plaintiffs seeking to adjudicate the rights of one group and seeking to interplead certain monies that might be due members of the other group in the way of royalties. The trial court below, after hearings, granted a summary judgment against those defendants that plaintiffs alleged were claiming some right or interest in the leaseholds held by appellees.

Appellees have here filed a motion to dismiss appellants' appeal from the summary judgment granted in favor of plaintiffs as against the defendants affected by such judgment. As grounds for their motion, they maintain that such summary judgment is interlocutory in nature in that it does not dispose of all parties or all issues to the law suit.

Appellants maintain that the law suit is clearly severable in that the group left out of the summary judgment consists only of those people to whom plaintiffs say they owe certain monies, and that the group affected by the summary judgment consists solely of defendants claiming some right or title or interest to the leaseholds themselves. Appellants maintain that the action of the trial court in granting a summary judgment acted as a severance of the law suit and was, therefore, final in its nature and scope and, as such, was appealable.

Rule 166–A of the Texas Rules of Civil Procedure provides that a summary judgment may be granted in favor of the movant upon all or any part of the law suit where plaintiff is seeking a declaratory judgment. This rule has been followed and upheld many times.

■■ It is, of course, elementary that a judgment to be appealable must be final as to all parties and issues. We have, here, the law suit still pending on the docket of the trial court and untried as to a great many defendants, and so the question is now posed: In a case of this nature, where plaintiff seeks a declaratory judgment, did the action of the trial court in granting summary judgment against those defendants who were claiming some right or title or interest to the leasehold thereby sever the law suit so as to make the action of the trial court final, and therefore appealable?

We think this question must be answered in the negative. It has been said that such a judgment is appealable only when it disposes of some independent, severed, severable interest, issue or right. This court held, in the case of Gallaher v. City Transportation Co. of Dallas, Tex.Civ.App., 262 S.W.2d 807, that the granting of a summary judgment against one of several defendants did not act as an automatic severance of that part of the law suit and so become appealable. The Supreme Court of Texas refused a writ in that case. We have examined the many cases subsequent to that decision, and we do not believe that this case has been overruled or the principle enunciated therein abrogated. We do not believe that such subsequent cases, with their particular fact backgrounds, have overruled the Gallaher case. As we said in that case we say here—that the case as filed remains on the docket partially untried, with the rights of many defendants still to be adjudicated. We have not found any authority that we believe holds that, in a case falling under this fact situation of this particular case, the granting of a summary judgment against a portion of the defendants works as an automatic severance, making such judgment appealable.

The remedy of severance was available to all parties and to the court in this particular case, as was the remedy of misjoinder. The record does not reveal that any of these remedies were invoked or asked for, and we do not believe there is authority to warrant us in stating that the court, contrary to his expressed intention—which is revealed by the language of his judgment—caused severance by his granting of the summary judgment. The Supreme Court said, in Gulf, Colorado & Santa Fe Railway Co. v. McBride, Tex., 322 S.W.2d 492, after it had stated that the Wright and Rogers cases, Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670; Rogers v. Royalty Pooling Co., Tex., 302 S.W.2d 938, were overruled:

"We held that where there was a final judgment rendered in a cause, which was appealable (and was appealed), the appellate court could act upon a denied motion for summary judgment if the point has been properly preserved."

We think that this language by the Supreme Court is informative and indicative as to the proper method for handling situations of this nature.

We have carefully studied the decisions presented to us, and we do not believe that the summary judgment here was a final judgment by virtue of being automatically severed by the court's action.

We therefore hold that the motion to dismiss should be granted and the said appeal be dismissed for lack of jurisdiction.

LANGDON, C. J., not sitting.