**DALLAS TEACHERS CREDIT UNION, Appellant,**

v.

**Dr. J. Shirley SWEENEY, Appellee.**

No. 6887.

Court of Civil Appeals of Texas.

Amarillo.

May 4, 1959.

Rehearing Denied June 8, 1959.

Fritz & Vinson, Dallas, for appellant.

Calloway, Reed, Kidwell & Brooks, Dallas, for appellee.

CHAPMAN, Justice.

This is a summary judgment case. Appellant, Dallas Teachers Credit Union initiated the suit in the court below for the balance due on a promissory note dated June 7, 1954, signed by Frances H. Thomas and Dr. J. Shirley Sweeney, and in the alternative on a note dated November 20, 1952, executed by Frances H. Thomas and her husband, Jack E. Thomas and Dr. J. Shirley Sweeney.

Appellant filed a motion for summary judgment against Frances H. Thomas, Jack E. Thomas and Dr. J. Shirley Sweeney. Thereafter, appellee, Dr. J. Shirley Sweeney filed a motion for summary judgment. The trial court denied appellant's motion for summary judgment against Dr. J. Shirley Sweeney but granted the motion against Frances H. Thomas and her husband, Jack E. Thomas. The court granted Dr. Sweeney's motion for summary judgment against appellant, holding that said motion of Dr. J. Shirley Sweeney should be rendered in his behalf. From such summary judgment appellant, Dallas Teachers Credit Union has perfected this appeal.

In its first point appellant asserts error of the trial court in overruling its motion for summary judgment. Such point is without merit, the law being well settled in this state that no appeal or right of review exists for one whose motion for summary judgment under Rule 166–A is denied. Archer v. Skelly Oil Company, Tex.Civ.App., 314 S.W.2d 655; A. A. A. Realty Co. Inc. v. Neece, Tex., 292 S.W. 2d 811; Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670, 674. In the last cited case our Supreme Court said:

"The denial of a motion for summary judgment is not an adjudication of the merits against the movant and, no doubt for this reason, is held in the Federal courts to be interlocutory and thus unappealable. Jones v. St. Paul Fire & Marine Ins. Co., 5 Cir., 108 F.2d 123; Atlantic Co. v. Citizens Ice & Cold Storage Co., 5

Cir., 178 F.2d 453. We see no good reason to take a different view for our own practice, which derives from the Federal Rules. Neither the text of our summary judgment Rule, No. 166–A, nor any other of our Rules of Civil Procedure suggest a different result than that reached in the mentioned decisions. Nor does the fact that part of the trial court's action granted summary judgment for petitioners and was thus appealable by respondent, necessarily make the part refusing summary judgment appealable by the petitioners."

The question then remains as to whether the trial court properly granted Dr. Sweeney's motion for summary judgment against Dallas Teachers Credit Union. This question appellant brings to us through its points two and three. Its point two urges the proposition that inasmuch as the forebearance of suit offered in a letter by the President of appellant company and amplified by affidavit did not constitute an extension of the note, the court erred in rendering summary judgment for Dr. Sweeney. Its point three is to the effect that inasmuch as Dr. Sweeney's allegation that he was told he would be liable only if Mrs. Thomas left the country constitutes an attempt to vary by parol evidence the terms of a written instrument, the note, and inasmuch as such allegation was in any event rebutted a fact issue was made and the trial court erred in granting summary judgment for Dr. Sweeney. Though additional grounds were alleged, Dr. Sweeney, in his brief, bases his contention for the trial court's correctness in awarding him summary judgment against appellant upon the propositions that (1) H. B. Yates, President of appellant company and Mrs. Thomas entered into a binding extension agreement that released him as an accommodation maker and (2) his signature on the two notes were procured by promises of Mr. Yates that his signature was only for the purpose of credit or character reference for Mrs. Thomas and that

he would not be liable on the notes unless Mrs. Thomas left the country.

For the purpose of the summary judgment proceedings, appellant admitted Dr. Sweeney was an accommodation maker and only secondarily liable but it says the letter, "even if confined within its own limits does not set forth a binding extension agreement such as will release an accommodation maker because it does not prevent the maker or co-maker from paying off the note at any time they desire to do so according to the tenor of the note and does not set forth an extension for a definite period of time."

The record shows the original note of November 20, 1952, was in the amount of $2,500, bore interest at the rate of ¾ of 1 per cent per month, and was to be paid in 60 monthly installments. Periodical payments were made through September 29, 1953. The payments being in arrears a second note of June 7, 1954 was signed by Mrs. Thomas and Dr. Sweeney in the amount of $2,699.41, the application signed by Mrs. Thomas showing it was a renewal note to renew the old loan. The last named note provided the same rate of interest and provided for payment in 60 installments of $56 each. Each note provided that in case of default in payments the entire balance would become immediately due and payable. The letter of October 21, 1955, which appellee, Dr. Sweeney relies on as releasing him from the obligation of the note is as follows:

"October 27, 1955

"Mrs. Frances H. Thomas
"901 Couley Street
"Sweetwater, Texas

"Dear Mrs. Thomas:

"This is a reply to your letter of October 21, 1955, in which you state that you will begin making payments November 20, 1955, if we will not file suit for collection.

"You and Dr. Sweeney signed a renewal note for $2,699.41 on June 7.

1954, calling for 60 monthly payments of $56.00 including interest. Since that date, you have made three payments of $56.00 and sent us one insufficient fund check for a like amount. The renewal note is $728 delinquent. In a telephone conversation today, you agreed to pay $60 monthly until this delinquency was paid off.

"We are willing to postpone filing suit for collection as long as you pay $60 per month as you agreed today. Insufficient Funds checks will not count as payments. The first payment that you miss will be followed by a lawsuit without any notice to you.

"I am sending a copy of the note that you signed to you, Dr. Sweeney, and his attorney.

"Your truly,
"Dallas Teachers Credit Union
"H. B. Yates,
"President
"HBY:BJ"

By way of explanation and amplification of the letter just quoted Mr. Yates made an affidavit that is included in this record, in which he said in part:

"This letter was a summation or memorandum of the telephone conversation between Mrs. Thomas and myself on the same date. At this time I agreed that if Mrs. Thomas would make up her delinquent payments, totalling $728.00, we would hold off suit on the note. I told her that she was to continue making her regular installments payments due each month until she had liquidated her delinquency of $728.00. I further stated to Mrs. Thomas, that if she missed a payment we would immediately file suit without notice to her. I never agreed to extend the time of the note nor did I receive any additional promise or any consideration of any kind from Mrs. Thomas for not bringing suit. It was merely an agreement on my part to help her out since in the past she had a hard time in making her monthly payments but that she now had a new job and she believed she could now make up the delinquency and continue on with her regular monthly installments."

We do not believe the record shows an extension of the note for a definite period of time such as would release the surety, but in any event under summary judgment rules there is not sufficient showing in the record that the principal was precluded from paying the obligation within the extended period and thereby stopping interest or that the surety was precluded from paying the debt and proceeding against the principal. The affidavit of the president of appellant loan company reflected that the full conversation and agreement between himself and Mrs. Thomas did not provide for a postponement of the regular payments of the note and did not preclude the borrower from paying the note according to its tenor. Our Supreme Court has said, "The burden of proving that there is no genuine issue of any material fact * * * must be resolved against the party moving for a summary judgment." Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931; Womack v. Allstate Ins. Co., 156 Tex. 467, 296 S.W.2d 233. That court in the Gulbenkian case just cited also quoted with approval from McDonald, Texas Civil Practice Vol. 4, Sec. 17.26, p. 1394 as follows:

"In determining a motion thus depending upon extrinsic evidence, the court's task is analogous to that which he performs on a motion for directed verdict. He accepts as true all evidence of the party opposing the motion which tends to support such party's contention, and gives him the benefit of every reasonable inference which properly can be drawn in favor of his position."

With respect to what constitutes an extension of payment such as will release a person secondarily liable the Austin

Court has said, in Georges v. Fricke, Tex. Civ.App., 283 S.W. 221, 223 (Writ Refused):

"The following authorities hold that, unless, the date of extension of payment is fixed and definite, the surety is not released; or that the agreement must be binding so as to preclude the creditor from bringing suit during the extended period; or that, if the extension was made to a definite time, but which permitted the principal to pay the obligation within the extended period and thereby stop interest, the surety was not released. The whole theory of the surety's release is based upon the extension agreement being such as will preclude him from payment of the debt and proceeding against the principal; or from requiring the holder to proceed with suit, as contemplated, by articles 6329 and 6330, supra; and if thus precluded he is released, otherwise he is not. Williams v. [Guaranty State] Bank [& Trust Co.] (Tex.Civ. App.) 264 S.W. [194] 195; Dickson v. Kilgore State Bank (Tex.Com. App.) 257 S.W. 867; Twichell v. Klinke (Tex.Civ.App.) 272 S.W. [283] 288."

Other authorities to the same tenor are Williams v. Guaranty State Bank & Trust Co., Tex.Civ.App., 264 S.W. 194 (cited in the above quote); Dickson v. Kilgore State Bank, Tex.Com.App., 257 S.W. 867 also cited above and adopted by our Sup.Ct.; and Darby v. Farmers' State Bank of Burkburnett, Tex.Civ.App., 253 S.W. 341.

The statement just quoted in the Georges case is just as authoritative as if the Supreme Court had said it because that court has held that where the Supreme Court refuses a writ of error outright (writ refused) it makes the opinion as authoritative as one of its own opinions. Biggers v. Continental Bus System, Inc., Tex., 303 S.W.2d 359, 364.

By sworn pleadings appellee says appellant, "Through its representative, H. D. Yates, falsely and fraudulently represented to this defendant that his signature was desired on the note purely as a character recommendation for the defendant, Frances H. Thomas and that defendant would not be liable for the payment thereof; that by such representations defendant was induced to sign said note and that if he had not relied thereon and believed such representations to be true, he would not have executed such note." By affidavit, appellee states, in addition to the pleadings just related, that Mr. Yates told him if he would sign the notes he would have no liability on the instrument unless Mrs. Thomas left the country.

In view of what we have already said it is unnecessary for us to hold whether the record herein shows the admissibility of the parol evidence just related or that it constitutes a defense to the note, because the affidavit of Mr. Yates denies such statements were made. Such denial would create in any event a fact issue and make the summary judgment granted for appellee, Dr. Sweeney, improper. For all the reasons above given, and the authorities cited and quoted from, we hold appellee did not discharge the burden of showing there is no genuine issue of any material fact.

Accordingly, the judgment of the trial court is reversed and remanded for a trial on the merits.

On Motion for Rehearing.

In preparing the original opinion herein we followed and quoted from an opinion by our Supreme Court wherein that court, in reversing our court held, without any exceptions or limitations, that the denial of a summary judgment is interlocutory in nature and thus unappealable. Wright v. Wright, 154 Tex. 138, 274 S. W.2d 670. In tracing the case just cited

in Shephard's Citator we did not find, nor do we now find any record of that case having been overruled. At the time of our original opinion we also were familiar with the Supreme Court's holding in Rogers v. Royalty Pooling Company, Tex., 302 S.W.2d 938, an appeal from our court where both sides had made motions for summary judgment and wherein the Supreme Court held that no appeal lay from the order of the trial court refusing summary judgment.

■ Appellant, in its motion for rehearing, has called our attention to the case of Tobin v. Garcia, Tex., 316 S.W.2d 396, 400, wherein the Supreme Court has since held that their opinion in the Rogers v. Royalty Pooling Co. case is overruled, yet made no mention of Wright v. Wright, supra, and held that " * * * when, as in this case, both parties filed motions for summary judgment and one such motion is granted, then the trial court's judgment becomes final and appealable, and on appeal the Court of Civil Appeals should determine all questions presented." This latter holding makes that part of our original holding erroneous wherein we held that appellants, having been denied a motion for summary judgment, could not appeal therefrom and necessitates our considering appellant's appeal from a denial of its motion for summary judgment.

Appellee by sworn allegations pleaded that he was induced to sign the notes in controversy by the fraudulent representations of H. B. Yates to the effect that his signature was desired on the notes purely as a character recommendation for Frances H. Thomas and that he would not be liable for the payment thereof and that if he had not relied thereon and believed such representations to be true he would not have signed said notes.

The 1952 note in controversy has lines designating the capacity in which Frances H. Thomas and her husband Jack E. Thomas signed, the former as "maker" and the latter as "co-maker." There was no designation on the line with appellee's signature. On the 1954 note Mrs. Thomas signed on the line designated "maker" and appellee signed on the line designated "co-maker." On the instrument designated "application for loan" the line on the designation "names of co-makers" is blank and Dr. J. Shirley Sweeney's name appears below upon the line designated "security." With respect to the first note the instrument designated "application for loan" has the name of Dr. J. Shirley Sweeney following the language "names of co-makers."

■ Our Commission of Appeals in an opinion approved by our Supreme Court, has held "It is well recognized or established that there are exceptions to the general rule which exclude parol evidence to explain written instruments, and they apply to negotiable paper as well as to other contracts. When the issue of fraud, surety, ambiguity, or want of consideration is raised, as between the original parties * * * parol testimony is admissible to show the true facts." McFarland v. Shaw, Tex.Com.App., 45 S.W.2d 193, 195. See also Scott v. Walden, 140 Tex. 31, 165 S.W.2d 449, 452, 154 A.L.R. 1; Guardian Trust Co. v. Bauereisen, 132 Tex. 396, 121 S.W.2d 579, 583; Hansen v. Holland, Tex.Civ.App., 65 S.W.2d 510 (writ refused); Lone Star Olds Cadillac Co. v. Vinson, Tex.Civ.App., 168 S.W.2d 673 (writ refused).

■ When the rules of law in the authorities just cited are applied to the facts of this case, we believe parol evidence is admissible to explain the conditions under which Dr. Sweeney signed the notes and that appellant did not discharge the burden of showing there is no genuine issue of any material fact.

As stated in our original opinion the judgment of the trial court is reversed and remanded for a trial on the merits.