Mrs. Sara True WURTH, Appellant,

v.

Mrs. Helen Wurth SCHER et vir, Appellees.

No. 16006.

Court of Civil Appeals of Texas.

Fort Worth.

July 10, 1959.

Rehearing Denied Sept. 18, 1959.

Tilley, Hyder & Law, Elton M. Hyder, Jr., and Sterling W. Steves, Fort Worth, for appellant.

Ungerman, Hill, Ungerman & Angrist, and Wm. M. Hill, Dallas, for appellees.

RENFRO, Justice.

This is an appeal from a summary judgment which decreed an undivided one-half interest each, in fee simple, to be vested in Helen Wurth Scher and Jack Wurth in and to certain real estate hereinafter called the Ballinger Street property.

Jacques Edouard Wurth died in August, 1954. His will, dated July 15, 1954, was duly probated. The second paragraph of the will provided that (a) his wife (Sara Wurth, appellant herein) should have the right to live in the home located at 814 Collier Street, and enjoy the same in every respect as she might desire until her death or remarriage; (b) should she remarry her right to occupy the place should cease and testator's son, Jack Wurth, would have the right to occupy such home as long as he lived; (c) testator's wife and son were given the right to sell the home at any time upon agreement of both; (d) if the home was sold while the wife was still unmarried, the proceeds would be divided equally; (e) if sold after the wife remarried, then the wife would receive one-third and the son two-thirds of the proceeds; (f) after the death of both the wife and son the property to go to the surviving wife and children of Jack.

The third paragraph is as follows: "I give and bequeath to my beloved daughter, Helen Wurth Scher, and to my son, Jack Wurth, each, a one-half undivided interest in the real property belonging to me, and the title being in my name, and being located at the corner of North Ballinger and Thirteenth Streets, in Fort Worth, Tarrant County, Texas, in fee simple."

(Jack was testator's stepson, and, although testator referred to him as "my son," he apparently had never legally adopted him.)

The fourth paragraph bequeathed certain personal items to his brother, daughter and son.

In the fifth paragraph the testator provided: "Any money belonging to me at the time of my death, in my checking account in the First National Bank of Fort Worth, Texas, or in any other bank or place, shall be the property of my beloved wife, Sara Wurth, my beloved daughter, Helen Wurth Scher, and my beloved son, Jack Wurth, share and share alike."

In paragraph six testator gave his wife, unconditionally, all government bonds in a

lock box in the First National Bank; and provided that certain envelopes in the box be delivered to the persons whose names appeared thereon.

The seventh paragraph left all the residue of his estate to his wife Sara.

Paragraph eight named Sara, Jack, and Helen independent executors without bond.

Appellant joined in the application for probate of the will and qualified as executrix. The other two named in the will waived their rights to be appointed and consented for appellant to so serve.

On April 22, 1958, appellee, Mrs. Scher, filed suit in which she alleged that appellant elected to take under the provisions of the will, and that appellee and Jack were entitled to an undivided one-half interest each in the Ballinger Street property, and for an accounting for rents and revenues from said property. Jack, winner in the judgment, aligned himself with appellant, although he has not appealed. Appellant answered that under the terms of the will appellee and Jack owned an undivided one-half interest in the Ballinger Street property and she, appellant, owned the other one-half interest. She denied that appellee and Jack owned a one-half interest each in the Ballinger Street property; denied she had elected to take under the provisions of the will; denied she had taken any money under the will which did not already, under the law, belong to her; denied she had converted rentals from the property to her own use; denied that she had not accounted to appellee for expenses and income arising from the property.

Appellee requested from appellant 35 admissions. Appellant admitted: She, as independent executrix of such estate, filed an inventory and appraisement of the estate of Jacques Edouard Wurth; that she as independent executrix of the estate listed as among the property owned by the deceased at the time of his death the property known as 814 Collier Street, Fort Worth, Texas, and the property known as

1011-15 Ballinger Street, Fort Worth, Texas; that she qualified as independent executrix of the estate of Jacques Edouard Wurth, deceased; that she acted as independent executrix of the estate of Jacques Edouard Wurth; that at the time of the death of Jacques Edouard Wurth, she resided on the premises known as 814 Collier Street; that in January, 1957, she and Jack Edward Wurth sold the property known as 814 Collier Street for a consideration in an amount of $20,000 or more.

Appellee filed motion for summary judgment based on the pleadings, admissions, the will and the probate proceedings.

Appellant in her controverting affidavit claimed an undivided one-half community interest in the Ballinger Street property, denied appellee's statement that "there remain no genuine issues of fact between the parties with respect to the ownership, title and interest owned by the plaintiff * * *" and denied that "the entire title, interest and ownership in such property is in the plaintiff * * * and in the defendant Jack Edward Wurth * * *."

The trial court did not make specific findings that the testator by the terms of the will disposed of community property belonging to the wife, and that she was therefore put to an election, but from the very nature of the case we take it that he did so find.

■ In determining whether the will disposes of property of the beneficiary the rule is that it does not so dispose unless it is open to no other construction. Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670. For construction purposes, the will in its entirety must be looked into.

■ Without belaboring the point, we think the will is "open to no other construction" than that the testator in paragraphs two and three attempted to dispose of community real estate as if he owned it in its entirety. Dakan v. Dakan, 125 S. W.2d 305, 83 S.W.2d 620.

In paragraph four he bequeathed "all American mint stamps" to Jack and an album of photos to appellee. In paragraph six he bequeathed envelopes marked "Property of Sara Wurth", "Helen Wurth Scher" and others, the property contained in each to belong to the person whose name was written on each.

A will need not dispose of the beneficiary's interest in every item of community estate in order that a case of election be presented. The proper test of whether doctrine of election is applicable is whether alleged benefits granted the beneficiary by the will are or are not something of which the beneficiary could legally be disposed without consent.

If the will does not dispose of property of the beneficiary, the latter is not put to an election, but may simply take what the will gives and also take his or her own community half interest. On the other hand, if the will disposes of property of the beneficiary and at the same time gives the latter some "benefit", however small, the beneficiary cannot take the benefit under the will without also the disposition it makes of his or her property. In the latter case, where a community interest is involved, the beneficiary must accordingly elect between taking under the will, with consequent loss as well as benefit, and, on the other hand, repudiating the will and taking only his or her community half independently of the will. Wright v. Wright, supra.

Under the record we think appellant was required to elect. Ordinarily, election is a question of fact. Farmer v. Zinn, Tex.Com.App., 276 S.W. 191.

Appellee relies upon the facts that appellant joined in the application to probate the will, qualified and acted as executrix, filed an inventory and appraisement, sold the Collier Street property and gave Jack an undisclosed amount of the proceeds thereof as conclusive that she did elect to take under the terms of the will. Appellant, however, consistently denied she had made an election. She insisted in her answers and her controverting affidavit she had not made an election and took the position that in her view she was not required to elect.

In Page on Wills, Lifetime Ed., sec. 1367, p. 46, the rule is stated: "It would seem that there is no inconsistency between conceding that the instrument is a valid will and asking to have it probated, and a determination not to be limited by its provisions if it is possible to take against it; and that an oath to carry its provisions into effect does not imply an undertaking to give any greater effect to its provisions than the law gives. These acts should not, therefore, be treated as an election."

Appellant did not make an express election. To show that she did make an election the record, in a summary judgment proceeding, must show conclusively that she did make an election. See Wichita Valley Ry. Co. v. Somerville, Tex.Civ.App., 179 S.W. 671; McClary v. Duckworth, Tex. Civ.App., 57 S.W. 317.

An election may be express or implied. When not expressly made, it is a question of intention and must be decided from all the facts and circumstances of the particular case. Generally, it must be shown the party had knowledge of his rights; that is, he must have had knowledge of the condition and extent of the estate, and of his duty to choose between the inconsistent rights; and that he intended to elect, as shown by his words and acts, viewed in the light of all the circumstances. Dunn v. Vinyard, Tex.Com. App., 251 S.W. 1043.

The action of election must be unequivocal, and with the intention to make an election. In the absence of an express elction, there must be a definite act performed, with full knowledge of the circumstances and conscious intent of election.

The facts relied upon by appellee are proper evidence of election and would probably uphold a finding of election in a trial on the merits. This was a summary judgment proceeding, however, and the record introduced in the trial court must be conclusive to uphold such finding. In view of the record before us we cannot say that, as a matter of law, appellant has in fact elected to take or not take under the terms of the will. All reasonable presumption must be indulged in her favor.

Ordinarily it is a question of fact whether a devisee elects to surrender an interest he owns in land in order to accept the devise under the will. Leach v. Leach, Tex.Civ.App., 208 S.W.2d 618; 44 Tex. Jur., p. 871, sec. 291.

We think the trial court erred in holding, as a matter of law, that appellant had made an election. That issue should be determined on a trial on the merits.

Reversed and remanded.