Gladys M. LEWIS et al., Appellants,

v.

Virginia L. CAMPBELL, Appellee.

No. 12240.

Court of Civil Appeals of Texas,
Austin.

March 12, 1975.

Rehearing Denied April 2, 1975.

George S. Finley, Smith, Davis, Rose, Finley & Hofmann, San Angelo, for appellants.

Pat Hall, Marschall, Hall, McLaughlin & Lane, San Angelo, for appellee.

PHILLIPS, Chief Justice.

The question before us is whether Mrs. Gladys M. Lewis, the appellant and surviving spouse of Dr. Aubrey L. Lewis, and her two children, must elect either to take by law or under the terms of the will of the late Dr. Lewis.

The appellee, Virginia L. Campbell, is a daughter of the deceased doctor by a prior marriage.

The trial court held that the appellants were put to an election. We reverse the judgment and render judgment as hereinafter indicated.

The pertinent sections of Dr. Lewis' will are as follows:

"At the present time, I am married to Gladys M. Lewis and have been for thirty years, and *we have accumulated a community estate and it is now my intention to dispose of whatever community property and whatever personal property I may own at my death, in this will.* My said wife and I now have two children, Debbie Ann

Lewis and Gary Dudley Lewis, both minors; and I have a daughter by a former marriage whose name is Virginia Campbell, now the wife of Ralph Campbell that resides at 8 Justice Drive, Belleville, Illinois.

"It is my will that as soon as may be convenient after my death, my executrix, hereinafter named, shall take charge of my estate, have this will duly probated, pay all debts occurred on community property. It is my will that the Five thousand dollar Life Insurance policy that I have had for many years and which Virginia is the beneficiary, shall be paid to Virginia. *It is my will that my Tankersley farm on Spring Creek, known as the Oberkampf farm in Surgey [sic] 657, go in its entirety [sic] of 176.4 acres, to Virginia.* With these two gifts, no further claim against the remaining of the estate shall be made by Virginia or by her heirs." (Emphasis added)

Appellant stipulated in the trial court that the 176.4 acre farm was the community property of the deceased and herself. She duly probated the will and qualified as the independent executrix of the estate of the deceased. While she contends that the will did not put her to an election, she, nevertheless, filed a declaration in the probate proceedings by which she reserved the right to make an election, if such an election were decreed to exist.

■ Appellants contend here, and we sustain this contention, that the trial court erred in construing Dr. Lewis' will to cover the interest of appellant wife in the 176 acres of land, and that the court further erred in awarding appellee the 176.4 acres of land subject to the appellants' election. In Philleo v. Holliday, 24 Tex. 38 (1859), the court defined an election as follows: "The principle of election is, that he who accepts a benefit under a will, must adopt the whole contents of the instrument, so far as it concerns him; conforming to its provisions, and renouncing every right inconsistent with it . . . ."

■■ At the outset, we are faced with two primary rules of will construction. First, the law presumes that a testator intends to dispose of only his own property; second, a will shall not be construed to dispose of property not owned by the testator, unless that result is shown by clear and unequivocal language, which leaves the will open to no other construction.[1]

In the introductory part of the will, Dr. Lewis declares that: "At the present time, I am married to Gladys M. Lewis and have been for thirty years, and we have accumulated a community estate and it is now my intention to dispose of whatever community property and whatever personal property I may own at my death, in this will." As early as 1858, Chief Justice Hemphill, writing in a will contest case for the Supreme Court in Carroll v. Carroll, 20 Tex. 732, stated that terms such as: "I devise all my real and personal estate," or, "It is my wish that all the real and personal estate which may be belonging to me at the time of my death," indicate that the testator is devising his own property and not that of his wife or others who might have common interests with him in some of his lands or other estate. Also see Miller v. Miller, 149 Tex. 543, 235 S.W.2d 624 (1951); Sailer v. Furche, 22 S.W.2d 1065 (Tex.Comm'n App.1930, jdgmt. adopted).

■ The law as announced in a number of will contest cases is that neither the use of the personal pronoun "my" in the will nor a designation that refers to a tract as a whole is a direct contradiction of the testator's previously announced intention in the will to dispose of *his* property. Speed v. Griffin, 427 S.W.2d 917 (Tex.Civ.App. 1968, no writ); Ford v. Bachman, 203 S.

1. Avery v. Johnson, 108 Tex. 294, 192 S.W. 542 (1917); Schelb v. Sparenberg, 133 Tex. 17, 124 S.W.2d 322 (1939); Baldwin v. Baldwin, 134 Tex. 428, 135 S.W.2d 92 (1940); Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670 (1955); Davis v. East Texas Savings & Loan Association, 163 Tex. 361, 354 S.W.2d 926 (1962).

W.2d 630 (Tex.Civ.App.1966, writ ref. n. r. e.).

In Speed v. Griffin the court held that a recitation of "whatever property I shall have or be interested in at the time of my death" indicates an intention to dispose only of property owned by the testator. The court so held in spite of the fact that a subsequent clause in the will referred to "my Johnson County, Texas land, I give and bequeath in fee simple, as follows . . ." The will then sets out fractional interests each described as being "of the whole" The devised property was community property. A similar holding was made by the court in Ford v. Bachman where the testator referred to the devised property as "land to be taken out of the property which I own in the Wilmouth Survey of Ochiltree County, Texas." Here the testator not only referred to the land by naming the ranch situated thereon but designated the total number of acres, and further, listed the deeds and the recording references whereby the lands had been acquired. Again, the court held that the testator's intent to dispose of "my estate" gave controlling effect over the general description of the property.

The rulings in both of these cases comport with this Court's decision in Lawrence v. Coffield, 468 S.W.2d 544 (Tex.Civ.App. 1971, writ ref. n. r. e.). Although we held that the widow was put to an election under the facts of that case, this Court stated: "We have searched the will in vain to find some phrase or expression by which the testator evidenced a recognition of his wife's community interest in the farms and the town property and an indication that he intended to dispose of his part only."

In the case at bar, the intention of the testator to dispose only of property owned by him is patently clear. Continuing in *Coffield*: "In both *Buschman*[2] and *Atkinson*[3] the testator indicated a desire to dispose of his own property only, and whatever other language he used tending to indicate a different intention did not displace the first expressions which in themselves would have prevented a conclusion that the language of the will was open to no other construction than that the testator sought to dispose of an interest he did not own."

We cannot accept appellee's contention that the words "personal property" following the words "community property" in the introductory part of the will can somehow be equated with "separate property" which, when read with the words "my farm" in the subsequent clause disposing of specifically described property "in its entirety" demonstrates the intention of Dr. Lewis to dispose of his wife's part as well as his own. Should the latter clause have been the only reference to the testator's intention, we would have been presented with different facts and the cases[4] cited by appellant would have very likely been controlling.

In Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670 (1955), the court declared that questions of construction such as those before us are questions of law. Therefore, we reverse the judgment of the trial court and render judgment that Dr. Lewis' bequest to appellee disposed of his interest only in the property in question.

Reversed and rendered.

2. Buschman v. Bryant, 400 S.W.2d 950 (Tex. Civ.App.1966, no writ).

3. Atkinson v. Peron, 447 S.W.2d 503 (Tex. Civ.App.1969, writ ref. n. r. e.).

4. Farmer v. Zinn, 276 S.W. 191 (Tex.Comm'n App.1925, jdgmt. adopted) ; Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620 (1935) ; Atkinson v. Schmidt, 482 S.W.2d 687 (Tex.Civ. App.1972, no writ) ; Hodge v. Ellis, 154 Tex. 341, 277 S.W.2d 900 (1955), among others.