Burnell King ATKINSON et vir, Appellants,

v.

Clara Belle King PERON et al., Appellees.

No. 483.

Court of Civil Appeals of Texas.

Corpus Christi.

Oct. 23, 1969.

Rehearing Denied Nov. 13, 1969.

Tibiletti & Ritchey, Phillip J. Tibiletti, Victoria, for appellants.

Michael W. Wagner, San Antonio, for appellees.

### OPINION

SHARPE, Justice.

This suit was brought by appellees Clara Belle King Peron, joined by her husband, John Peron, Henry Rothy King, Richard King and Robert Davis King against Burnell King Atkinson, joined pro forma by her husband, E. H. Atkinson. Appellees, except John Peron, are four of the five children of Ray King and Barbara Willemin King, both now deceased, and appellant Burnell King Atkinson is the fifth child and youngest sister of said appellees.

Appellees alleged generally that they were tenants in common with appellants in a tract of land containing 81⅔ acres situated in Victoria County, Texas; that appellees' interest was acquired under the will of Ray King, dated April 24, 1947 and duly probated on October 9, 1952. There are several fractional interests involved which are referred to herein by using only two decimal places, resulting in some slight inaccuracies in making calculations. However, the ultimate holdings should clarify such matters. Appellants concede that appellees are tenants in common with them to the extent of 40.83 acres, but contend that appellants own the remaining 40.83 acres of the 81⅔ acre tract involved. The judgment of the trial court awarded appellees "a ⅘ths undivided interest in 70⅔ acres of land" or approximately 56.52 acres. The precise reason for use of the figure "70 ⅔" acres is not clearly apparent, but such figure becomes immaterial under our disposition of the case. We agree with appellants that appellees' recovery should be limited to a one-half undivided interest in 81⅔ acres of land, or approximately 40.83 acres and that the judgment should be reformed to that extent.

Appellees' amended petition alleged in substance that the will of Ray King bequeathed to his wife, Barbara Willemin King, certain personal property which was the community property of Ray King and Barbara King, and further devised to Barbara King all of his real estate for life, which said real estate was averred to be the separate property of Ray King; that Barbara King made an election under the will of Ray King, and took only a life estate thereby; that Barbara King, who subsequently remarried and became Barbara King Smith, died on June 4, 1963 and appellant Burnell King Atkinson qualified as administratrix of her estate on September 9, 1963; that the said children of Ray and Barbara King were vested with title to said real estate under the will of Ray King, deceased, and the termination of the life estate in Barbara King Smith, but that there is a cloud cast on appellees' title, particularly by a deed dated October 10, 1962, from Barbara King Smith to appellants E. H. Atkinson and wife Burnell King Atkinson; alternatively, appellees alleged that appellants exercised undue influence and duress upon Barbara King Smith causing her to execute the deed of October 10, 1962 which conveyed the property in question to appellants. There are some other prior deeds covering the property involved between Barbara King and appellants, but in the present posture of the case they are immaterial to its disposition.

The trial court submitted twelve special issues to the jury. The first nine of the issues related to the questions of alleged undue influence and consideration for the deeds involved, and they were all answered favorably to appellants. Appellees do not raise any questions concerning those issues on this appeal and they need not be further considered. Special issues 10, 11 and 12 and the jury answers thereto read as follows:

### "SPECIAL ISSUE NO. 10

Do you find from a preponderance of the evidence that at any time after the

probate of the will of Ray King, deceased, Barbara King elected to take under said will of Ray King, deceased?

Answer 'Yes' or 'No.'

Answer 'Yes'

SPECIAL ISSUE NO. 11

Do you find from a preponderance of the evidence that Barbara King, from and after the probate of the will of Ray King, deceased, accepted the benefits devised to her by said will of Ray King, Deceased?

Answer 'Yes' or 'No.'

Answer 'Yes'

SPECIAL ISSUE NO. 12

Do you find from a preponderance of the evidence that Barbara King, from and after the probate of the will of Ray King, deceased, exercised dominion over all of the property described in the will of Ray King, deceased?

Answer 'Yes' or 'No.'

Answer 'Yes' "

As heretofore mentioned, the lower court rendered judgment that appellees recover of and from the appellants the title and possession of a ⅘ths undivided interest in and to 70⅔ acres of land.

By two points of error appellants assert in substance that as a matter of law Barbara Willemin King was not required to make an election under the will of Ray King and the trial court erred in submitting special issues 10, 11 and 12 to the jury in such respect; and that under the evidence appellants owned 40.83 acres of the tract, based on ownership by Barbara King of 27.22 acres (representing one-half of 54.44 acres which was the community property of Ray and Barbara King) plus 13.61 acres acquired by Barbara King after the death of Ray King, from Henry King, and that appellees owned 40.83 acres based on

ownership by Ray King of 27.22 acres as community property and 13.61 acres as his separate property inherited from his parents and Anna King Jack his deceased sister, and by gift from her surviving husband; which last stated interest of 40.83 acres the appellees acquired by purchase from the executor of the will of Ray King, under the provisions of Paragraph Fifth thereof, hereinafter set out. Appellants also contend that the trial court erroneously assumed that all but eleven acres of the land in controversy was the separate property of Ray King.

The principal question presented is whether Barbara Willemin King was required to make an election to take or not to take under the will of her husband Ray King.

The chain of title to the 81⅔ acre tract here in question may be summarized as follows. The parties agree that John N. Keeran is the common source of title. On January 17, 1897, Keeran deeded title to F. B. H. King and wife Lucretia Van Norman King, grandparents of the parties hereto, excepting John Peron and E. H. Atkinson. F. B. H. and Lucretia King died intestate leaving seven children: Ray King, Nora King Beard, Lizzie King Raleigh, Annie King Jack, Lee King, Henry King and Eric King. Ray King married Barbara Willemin King in 1899. Thereafter during their marriage they proceeded to acquire the interests in said land owned by the brothers and sisters of Ray King, except that of Henry King (which was later acquired by Barbara King after the death of Ray King). The deeds conveying the interests of four of the children of F. B. H. and Lucretia King were all made to Ray King only, but there is no dispute here that the interests so conveyed became the community property of Ray and Barbara King. The interest of Anna King Jack who died prior to 1910, was inherited by her six brothers and sisters to the extent of a 1/14th interest, and the remaining 1/14th interest was by deed of gift from her sur-

viving husband conveyed to them in equal shares.

It thus appears that at the time of the death of Ray King he owned as his separate property the interest which he had inherited from his father and mother and that acquired by inheritance from his deceased sister, Anna King Jack and from her surviving husband by deed of gift, aggregating 13.61 acres; and that Ray King and Barbara King owned the remainder of the property acquired, as above outlined, during their marriage, as their community property, aggregating 54.44 acres.

The will of Ray King, omitting formal portions, reads as follows:

## "FIRST

I desire and direct that my just debts be paid out of my estate as soon as practicable by my executor, to be hereinafter appointed.

## SECOND

I do hereby constitute and appoint C. C. Carsner, Jr., Executor of this, my last will and testament, and direct that no bond or other security be required of him as such Executor, and further direct that he shall have as his remuneration as such executor, the statutory fees fixed for administrators and executors under the laws of Texas, in addition to the attorney's fees, should he act as an attorney in the probating of this will. And it is further my will, and I so direct, that no action shall be had in the county court other than to approve and record this will and return an inventory and appraisement of my estate, and list of claims as required by law.

## THIRD

I do hereby give, devise and bequeath, all of the personal property belonging to me at the time of my death, such as, money, livestock, household goods and farm implements, to my beloved wife, Barbara Willemin King, to be hers, absolutely and forever. And I further devise and bequeath unto my beloved wife, Barbara Willemin King, all of my real estate for life.

## FOURTH

It is further my will and I so direct, that my beloved wife shall have the right and privilege of making any and all mineral leases, as she in her discretion may determine, during her tenure as life tenant under this will, under such terms and for such length of time as she, in her discretion, may determine.

## FIFTH

In the event that my said wife, Barbara Willemin King, should predecease me, it is then my will and in such event, I do hereby give, devise and bequeath all of my personal property unto my children, Henry Rothy King, Clara Belle King, Richard King, Robert Davis King and Burnell King, and their legal representatives, in equal shares, share and share alike. It is further my will and I so direct, that my Executor, herein named, is hereby given the authority, and he is hereby directed, to sell my real estate, after the termination of my wife's life estate, to any one of my children, who may be the highest bidder, and divide the proceeds thereof, after deducting the necessary expenses, equally among all of my children.

## SIXTH

I do hereby give, devise and bequeath, subject to the life estate in my beloved wife and her right to execute mineral leases, unto my children and their legal representatives, share and share alike, the minerals which may be in, on or under the land belonging to me at the time of my death, to be theirs in equal shares, absolutely and in fee simple forever, and

the mineral rights shall be reserved, for the benefit of all my children above named, and their legal representatives, in the event of the sale of my real estate as hereinbefore provided."

In order for the will of Ray King to put Barbara King to an election it must appear therefrom that the testator unequivocally attempted to dispose of property belonging to her, whether community or separate; the presumption being that he did not intend to do so. It must further appear that the will conferred a benefit upon her; that is, that it gave her something in lieu of what was taken away, something to which she would not have been entitled but for the will. Baldwin v. Baldwin, 134 Tex. 428, 135 S.W.2d 92 (1940).

These rules were applied in Davis v. East Texas Savings and Loan Association, 163 Tex. 361, 354 S.W.2d 926 (1962) wherein our Supreme Court, in holding that the will of L. L. Davis did not put his surviving wife to an election, said:

"The law presumes that a testator intends to dispose of only his own property, and a testamentary instrument will not be construed to dispose of property not owned by the testator unless that result is indicated by clear and unequivocal language which leaves the will 'open to no other construction.' Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670, 674–675; Avery v. Johnson, 108 Tex. 294, 192 S.W. 542, 544. For, as we have held, if the language of the will is open to a different construction, that is, a constructing that the testator intended to dispose of only his own property, the instrument will be construed as a matter of law as not disposing of any other property. Wright v. Wright, supra.

Here, the testator stated in paragraph three of his will that he gave equally to Mrs. Davis and Mrs. Venable 'All the rest and residue of *my* estate consisting of cash, bonds, stocks, and personal property of a similar nature.' The use of the words, 'my estate' and 'my property' in themselves indicate an intention to dispose only of the testator's own property. Wright v. Wright, supra; Avery v. Johnson, supra; Rippy v. Rippy, Tex. Civ.App., 49 S.W.2d 494, writ refused; Ward v. Gohlke, Tex.Civ.App., 279 S. W.2d 422, writ refused. It follows that an intention to dispose of Mrs. Davis' separate property and her one-half interest in community property is not disclosed by clear and unequivocal language in the will.

Since paragraph three of the will does not dispose of Mrs. Davis' separate and community interest in the savings and loan certificates and other personal property, she was not put to an election of whether to give up that interest and take the property devised to her in paragraph two of the will or retain that interest and give up the property devised to her in paragraph two. Paragraph three of the will properly construed, disposes only of Davis' separate property, if any, and of his one-half of the community. Mrs. Davis and Mrs. Venable take the property in equal shares."

Analysis of the will of Ray King reflects that there is no language therein which tends to show an intent to dispose of any property not owned by him. The use of the words in paragraph Third of the will "all of the personal property belonging to me" and "all of my real estate", and in paragraph Fifth of the words "all of my personal property" and "my real estate", and in paragraph Sixth of the words "the minerals which may be in, on or under the land belonging to me" and "in the event of the sale of my real estate" in themselves indicate an intention to dispose only of the testator's own property. In any event it appears that the language of the will of Ray King is open to the construction that he intended to dispose only of his own property and an intent to dispose of property belonging to his wife is not disclosed by clear and unequivocal language. In that situation the will of Ray King will be

construed as a matter of law as not disposing of other property. Although Barbara Smith received some benefits under the will of Ray King to which she would not have been entitled but for it, nothing belonging to her, whether community or separate property, was taken away from her or disposed of by the will. Under these circumstances we hold that Barbara King was not required to make an election under the will of Ray King, and her deed to appellants conveyed her interest in the property to them.

After the verdict was returned and before rendition of judgment appellants filed motion for judgment non obstante veredicto which asserted in substance that the trial court erred in submitting issues 10, 11 and 12 to the jury; that the findings thereon were unnecessary and wrong and should be held for naught because the undisputed evidence established that Ray King by his will intended to dispose only of his own property and not that belonging to his wife, Barbara King; and that the latter was not put to an election under the will. This motion was good and should have been sustained. Appellants, as a part of their motion, cited and discussed the case of Long v. Long, 252 S.W.2d 235 (Tex. Civ.App., Texarkana, 1952, wr.ref. n.r.e.), which is closely in point and correctly states the applicable rules concerning the doctrine of election under a will. A directed verdict at the close of the evidence in favor of appellants to the extent of their claim, would have been proper. The case is not controlled by the findings on issues 10, 11 and 12, and they should have been disregarded.

We sustain appellants' contentions to the effect that appellees were allowed a greater recovery than that to which they were entitled. The judgment of the trial court will be reformed so as to provide that appellees shall have and recover only a one-half undivided interest in and to 81⅔ acres of land, more or less, being a part of the Fernando de Leon One League Grant, in Victoria County, Texas, in accordance with the description of said tract and subject to the mineral reservations and ownerships set out in the judgment of the trial court, and as so reformed the judgment will be affirmed.

Reformed and Affirmed.