Blackstone L. SMITH, Jr., Appellant,

v.

Bessie Orson SMITH, Appellee.

No. 16841.

Court of Appeals of Texas,
San Antonio.

July 20, 1983.

Rehearing Denied Aug. 18, 1983.

W.E. Hooks, Kenneth L. Clark, San Antonio, for appellant.

Richard C. Mosty, Kerrville, for appellee.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

## OPINION

CADENA, Chief Justice.

This is a trespass to try title case primarily involving the doctrine of election as applied to a beneficiary who accepts benefits under a will which disposes of property belonging to the beneficiary.

After a jury trial, judgment was rendered awarding title to a 170.89 acre tract of land in Kimble County to plaintiffs, James E. Smith, Jr., Lineous O. Smith and Bessie Orson Smith, independent executrix of the estate of James E. Smith, Sr. Defendants, Blackstone L. Smith, Jr., and wife, Byrnell Smith, seek reversal of that judgment.

Plaintiffs claim title to the land under the will of James E. Smith, Sr., who, they claim, received the remainder interest in the land in question under the will of his mother, Lois McHugh Smith. Defendants claim under a deed executed by Blackstone L. Smith, Sr., father of Blackstone L. Smith, Jr., and James Smith, Sr., and surviving husband of Lois McHugh Smith.

In this opinion, the following designations will be used: "Mrs. Smith" refers to Lois McHugh Smith; "Mr. Smith" refers to Blackstone L. Smith, Sr.; "Blackstone" refers to defendant, Blackstone L. Smith, Jr.; and "James" refers to James E. Smith, Sr.

The pertinent portions of Mrs. Smith's will are found in Clauses I, II, III, IV, and V, which provide as follows:

I. It is my will ... that all my real property shall be given to my beloved husband, Mr. Smith, for and during the term of his natural life, ...

II. After the death of Mr. Smith, should he predecease me, then land not involved in this case shall pass to and vest in my beloved son, Blackstone.

III. I give, devise and bequeath unto my beloved son, James ..., subject to said life estate to ... Mr. Smith, the remainder interest in the 170.89 acre tract involved in this case...

IV. I give, devise and bequeath unto my beloved husband, Mr. Smith, all of the real estate in Pecos County, Texas, ... for and during the term of his natural life and all revenues derived therefrom, and that he shall be given the right ... to execute oil, gas and mineral leases. After the death of Mr. Smith the said property shall vest in fee simple in my beloved sons, Blackstone ... and James ..., share and share alike.

V. I give, devise and bequeath all my personal property, wherever situated, unto my beloved husband, Mr. Smith, to manage, control and dispose of as he sees fit ...

Mr. Smith was named independent executor.

The trial court found, and the parties agree, that the real property referred to in Clause III of Mrs. Smith's will was the separate property of Mr. Smith.

The will was filed for probate by Mr. Smith, who filed an inventory listing the real property as community property. Later, Mr. Smith, declaring that the lands described in the will were erroneously listed in the inventory of the estate as community property and that they were, in fact, his

separate property, and that Mrs. Smith mistakenly attempted to dispose of them by her will, executed a deed of gift conveying the land, including that involved in this case, to defendants. This suit was filed after the death of Mr. Smith.

Plaintiffs claim that Mr. Smith, by accepting the gift of all of the personal property, elected to take under the will and that, therefore, neither he nor defendants, who claim under him, can properly assert that Mrs. Smith's will did not effectively dispose of the real estate which was the separate property of Mr. Smith.

■ The jury found that Mr. Smith had elected to take the benefits devised to him by the will of Mrs. Smith. Mrs. Smith had no right to devise either the separate or community property of Mr. Smith without his consent. However, if she attempted to do so and Mr. Smith accepted under the will, as devisee or legatee, rights to which he would not otherwise be entitled, he is estopped from challenging her will as an effective disposition of his property under the doctrine of election. *Dakan v. Dakan*, 125 Tex. 305, 83 S.W.2d 620, 626 (1935).

■ The doctrine of election is based on the principle that a person may not take benefits under a will and, at the same time, set up a right or claim of his own, even if well founded, which would defeat or in any way prevent the full effect and operation of every part of the will. *Miller v. Miller*, 149 Tex. 543, 235 S.W.2d 624 (1951). An election under a will is merely a choice offered the devisee of surrendering some right of his which the will attempts to dispose and accepting the benefits flowing to him under the will, or of retaining the rights threatened by the will and rejecting the devise. *Dakan v. Dakan, supra.*

■ Since it is presumed that a testator intends to dispose only of his own property, a beneficiary under a will is put to an election only where the will expresses the testator's purpose to dispose of the beneficiary's property in such clear and unequivocal language that the will is open to no

other construction. *Graser v. Graser,* 147 Tex. 404, 215 S.W.2d 867, 870 (1948); *Long v. Long,* 252 S.W.2d 235, 242 (Tex.Civ.App. —Texarkana 1952, writ ref'd n.r.e.). Defendants argue that the will of Mrs. Smith does not meet this requirement, since it is open to the construction that Mrs. Smith intended to dispose only of property owned by her. We disagree.

■ It is true that in Clause I of her will, devising a life estate to Mr. Smith, Mrs. Smith used the phrase, "all my real property." The use of such a phrase, or other language, is susceptible of being interpreted as a reference to property owned by the testator at the time of his death and, when standing alone, permits a construction limiting the testamentary disposition to property owned by the testator. *Davis v. East Texas Savings & Loan Association,* 163 Tex. 361, 354 S.W.2d 926 (1962). But this rule is applicable only where the will contains no provisions which clearly and unequivocally express the testator's intent to dispose of property not his own. *Long v. Long, supra,* 252 S.W.2d at 242. No such provisions were contained in the will involved in *Davis,* where the Court correctly concluded that a residuary clause devising "the rest and residue of my estate," referred only to the testator's interest in such personality. The same is true of *Atkinson v. Peron,* 447 S.W.2d 503 (Tex.Civ.App.— Corpus Christi 1969, writ ref'd n.r.e.), also relied on by defendants, where the court pointed out that the will contained no provisions showing an unequivocal purpose on the part of the testator to dispose of property he did not own.

■ The will of Mrs. Smith differs drastically from the instruments involved in *Davis* and *Atkinson.* After the general provision in Clause I giving Mr. Smith a life estate in all of "my real property," Mrs. Smith added specific provisions unmistakeably disposing of remainder interests in the separate property of Mr. Smith. It is impossible to read the will in its entirety without being forced to the conclusion that she was attempting to give to her sons, Blackstone and James, interests in the land owned by Mr. Smith. The land was specifically described, and the language found in Clause II and Clause III unequivocally and unambiguously described Mr. Smith's land. The descriptions contained in Clauses II and III leave no doubt that the land she was attempting to dispose of was the separate property of Mr. Smith and not her own land. The will, when read in its entirety, permits no conclusion other than that she intended to dispose of land she did not own.

The fact that Clause V, the gift of personal property to Mr. Smith, devises "my personal property" is irrelevant. While Clause V may refer only to Mrs. Smith's interest in the personal property, this does not affect the other provisions of the will which clearly reflect an intent to dispose of Mr. Smith's separate realty.

■ There is evidence tending to show that Mrs. Smith mistakenly believed that the lands in question were community property. The language of the will is clear and unambiguous, and it is doubtful if, given such lack of ambiguity, parol evidence concerning her mistaken belief was admissible. In any event, her mistaken belief does not affect the conclusion that the will is subject only to the construction that it was her intention to dispose of land owned by Mr. Smith. *See Hodge v. Ellis,* 154 Tex. 341, 277 S.W.2d 900, 908 (1955).

■ Defendants correctly point out that the conclusion that Mr. Smith made an election to take under the will cannot stand unless there is evidence to support a finding that "he had knowledge of his rights; that is, . . . he had knowledge of the extent and condition of the estate and of his duty to choose between the inconsistent rights; and . . . he intended to elect, as shown by his words and acts, viewed in the light of all the circumstances." *Dakan v. Dakan, supra,* 83 S.W.2d at 626. However, the record before us shows that these prerequisites to a binding election were present.

■ The rule on which defendants rely does not mean that Mr. Smith must have known the exact extent of his legal rights and the exact legal effect of his choice. To

impose such a requirement would, for all practical purposes, preclude the finding of an election by a lay person unless it is shown that he is an expert on the legal rules concerning the interpretation of legal instruments, the law of marital property and the intricacies of the doctrine of election and, at the same time, is unaware of the old adage that one cannot have his cake and eat it, too.

The evidence conclusively established that Mr. Smith accepted the benefits of the will by taking possession of all of the personal property and accepting royalties from the oil producing lands in Pecos County which were the separate property of Mrs. Smith and in which he received a life estate under the will. The lands in Kimble County which the will purported to dispose of were acquired by Mr. Smith by inheritance. He cannot be heard to say that he did not know they were his property. There is evidence that he believed such lands were community property. This belief is of no consequence. If the lands were, in fact, community property, Mrs. Smith's will purported to convey the entire interest in the lands, including his community interest.

Mr. Smith accepted his appointment as executor of the estate, filed the will for probate, and accepted benefits under the will. There can be no doubt that he was familiar with the contents of Mrs. Smith's will.

If, in fact, Mr. Smith accepted benefits under the will while he was ignorant of material facts so that he was free, on learning the true facts to reject the will, elementary equitable considerations would require that his renunciation of the will be accompanied by a surrender of the benefits he had received. Defendants do not call our attention to any effort by Mr. Smith to do this. *See Rippy v. Rippy,* 49 S.W.2d 494 (Tex.Civ.App.—Austin 1932, writ ref'd).

█ It is clear that the provisions of Mrs. Smith's will placed Mr. Smith under a duty to elect and that by accepting the gift of Mrs. Smith's interest in the personal property and a life estate in her separate lands, including receipt of royalties from such lands, he elected to take under the will. Defendants, who claim under him, are precluded from rejecting the provisions of the will disposing of his interest in the land involved in this suit.

The trial court admitted into evidence an oil and gas lease, purportedly executed by Mr. Smith, covering some of the land described in Mrs. Smith's will. Defendants assert that this was error because the instrument was not properly authenticated. No such objection was made in the trial court and we cannot consider the complaint which is raised for the first time on appeal.

The only special issue submitted inquired whether Mr. Smith "elected to accept the benefits, if any, under the will" of Mrs. Smith. Defendants tendered, and requested the submission of, the following definition in connection with the submission of the special issue:

... [D]octrine of election means that one knowingly elects to accept benefits under the Will of another and adopts wholly the contents of such Will insofar as it concerns him so that he must conform to the provisions of such Will and intentionally renounce every known right he has that is inconsistent with it.

The court modified the requested instruction to read:

[T]he doctrine of election means that one knowingly accepts a benefit under the Will of another and adopts wholly the contents of such Will insofar as it concerns him so that he must conform to the provisions of such Will and renounce every right he has that is inconsistent with it.

Insofar as here pertinent, defendants objected "to the Court removing the word 'intentionally' between the word 'and' and 'renounce,' and also removing the words [sic] 'knowingly' between the word 'every' and the word 'right.'" In the point of error presented to this Court, defendants contend that the definition was erroneous because it "failed to inform the jury that in order for an election to exist the party making the election must have intended to make the

election after having knowledge of his rights."

Defendants rely on the rule, already noted, that an election is not valid unless the party charged with the duty to elect had knowledge of the condition and extent of the estate and of his duty to choose between the inconsistent rights. They point to the fact that Mr. Smith listed the property in question when he filed the inventory of his wife's estate and required both of his sons to sign the oil and gas lease, although the lease affected only his separate property. We have already noted the irrelevancy of Mr. Smith's belief that the property in question was community property. The fact that he required his sons to join in the oil and gas lease is of no consequence, since such action on his part is entirely consistent with the fact that he was, under the will, merely a life tenant and unable to grant a fee simple determinable to the mineral estate. In any event, the record reflects that the oil and gas lease affected the Pecos County property, which was the separate property of Mrs. Smith and in which Mr. Smith would have no interest but for the testamentary gift of a life estate to him.

■ It is often said that the principle of election is that he who accepts a benefit under a will must adopt the whole contents of the instrument so far as it concerns him, conforming to its provisions and renouncing every right inconsistent with it. This observation has been repeated by our courts at least since 1859. *Philleo v. Holliday,* 24 Tex. 38 (1859). *See also Smith v. Butler,* 85 Tex. 126, 19 S.W. 1083, 1085 (1892); *Dakan v. Dakan, supra,* 83 S.W.2d at 624; *Miller v. Miller, supra,* 235 S.W.2d at 626; *Stutts v. Stovall,* 544 S.W.2d 938, 939 (Tex.Civ.App. —San Antonio 1976, no writ).

■ The instruction submitted by the trial court is, for all practical purposes, identical to the above "definition." If the statement is, in fact, a definition, it is a definition of the "doctrine of election" and not of "election." The portion which points out that, given certain circumstances, a person "must adopt the whole contents of the

[will] so far as it concerns him, conforming to its provisions and renouncing every right inconsistent with it" refers to the rules flowing from an election and not to the facts which constitute an election. It is clear that the election results from the acceptance of benefits under the will. If the adverbs "knowingly" and "intentionally" are to be used in the definition of "election," it is clear that they should modify "accepts." It is the act of acceptance which must be performed intentionally and knowingly. Even if the acceptance is intentional, it does not result in the renunciation of every right inconsistent with the will unless the benefits are accepted with the requisite knowledge of the material facts. One who intentionally accepts benefits with knowledge of all material facts can not seriously contend that he can claim rights inconsistent with the will because he did not intend to renounce such rights.

■ The instruction required that the jury find that Mr. Smith "knowingly" accepted the benefits under the will. It did not require the jury to find that he "intentionally" accepted the benefits, but defendants' objection did not call this omission to the attention of the court.

Defendants challenge the judgment on the ground that it affected property "which was not the subject of the pleadings or evidence." The judgment properly awards plaintiffs fee simple title to the 170.89 acre tract of land which they sought to recover. The determination that plaintiffs are the owners of such land necessarily required a determination of the question of election. The determination of whether Mr. Smith's election affects title to property other than that which plaintiffs sought to recover is not before us.

The judgment of the trial court is affirmed.