See also Tex.App., 660 S.W.2d 151.

Louise M. **TALIAFERRO** and Randall
Druce Bryant, Appellants,

v.

**TEXAS COMMERCE BANK—HURST,**
et al., Appellees.

No. 2–83–103–CV.

Court of Appeals of Texas,
Fort Worth.

March 29, 1984.
Rehearing Denied May 3, 1984.

John M. Anderson, Fort Worth, for appellants.

McDonald, Sanders, Ginsburg, Maddox, Newkirk & Day, and John H. Cayce, Jr. and Karen Hutchinson, Kenneth C. Curry, William C. Pannell, Fort Worth, for appellees.

Before HUGHES, ASHWORTH and HILL, JJ.

## OPINION

HUGHES, Justice.

This is an appeal from an order granting a Bill of Interpleader filed by Texas Commerce Bank-Fort Worth and Texas Commerce Bank-Hurst to deposit the proceeds of certain multi-party accounts into the registry of the court. The order entered on March 17, 1983 awarded the Banks their costs and fees in the amount of $500.00

each. A motion for new trial was filed on April 15, 1983 which was denied after a hearing.

We reverse and remand.

The will of Dorothy Mayer was admitted to probate and her three children, Charles Howard Mayer, Robert Randall Mayer, and Louise Mayer Taliaferro, were appointed and qualified as co-executors. On October 4, 1982, Charles and Robert Mayer filed a petition praying that certain multi-party accounts being held by Texas Commerce Bank-Fort Worth, Texas Commerce Bank-Hurst and First Texas Savings Association be declared the property of the estate and that such sums be paid into the registry of the court.

On February 22, 1983, Texas Commerce Bank-Fort Worth and Texas Commerce Bank-Hurst (hereinafter referred to as the Banks) filed a Bill of Interpleader alleging that they had been subjected to conflicting claims with respect to the ownership of the funds and that they were willing to deposit the funds into the court registry if they were dismissed from the suit with prejudice.

An order on the Bill of Interpleader was sent to the court on February 28, 1983 along with a letter requesting the court to enter the order if no objections were made within ten days. The order which was entered on March 17, 1983, ordered the Banks to pay all sums held by them into the registry of the court less $500.00 to each bank for expenses incurred. The order also dismissed all claims and causes of action against the Banks.

On April 15, 1983 a motion for new trial was filed by Louise Mayer Taliaferro and Randall Bryant asking the court to set aside the March 17th order on several grounds which included that the court did not have a hearing on the Bill of Interpleader and that there was no agreement on the judgment under TEX.R.CIV.P. 11. A hearing on the motion for new trial was held on April 21, 1983 at which time the court denied the motion for new trial. There was no evidence allowed at the hearing on whether the interpleader action was

proper. This appeal was brought from the order on the Bill of Interpleader which dismissed the Banks from the lawsuit.

Appellants raise five points of error in which they basically assert the court erred in entering the order on the Bill of Interpleader because there was no written agreement between the parties as required by TEX.R.CIV.P. 11, and that a hearing on the interpleader action should have been held. We agree.

The letter sent to the court on February 28th gave the court the impression that the parties had agreed to this action. It became apparent at the hearing on the motion for new trial that this was not the case. It also appears in the record that a penalty is being assessed by the Banks for early withdrawal on Certificates of Deposit so that the amount actually being paid into the registry does not correspond with the amount ordered by the court to be paid in. There was no written agreement to this judgment. Such an agreement would have been required for the order to be entered as an agreed judgment.

The Banks admit in their brief that the interpleader actions were brought as a cross claim and counterclaim. As such, appellants were entitled to twenty days under TEX.R.CIV.P. 101 in which to file an answer. No such answer was filed. The Banks could have proceeded at that time and filed a motion for judgment on their cross action and counterclaim. The letter sent on February 28th cannot be considered a proper motion for judgment.

There was no hearing on the Bill of Interpleader so that no evidence was received that an interpleader action was even proper and there was no evidence offered to support the award of attorney's fees. *Davis v. East Texas Savings & Loan Association*, 163 Tex. 361, 354 S.W.2d 926 (1962). Mere assertions in the Banks' Bill of Interpleader that they were subject to multiple liability is not proof of same.

The order of the trial court entered March 17, 1983 is reversed and the cause remanded for a hearing to determine if the interpleader is proper.