Affirmed and Memorandum Opinion filed September 30, 2004









Affirmed and Memorandum Opinion filed September 30,
2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00758-CV

_______________

 

DAVID LINDSAY AND DOMINION CUSTOM HOMES, INC.,
Appellants

 

V.

 

THOMAS AND KELLY MOODY AND MEL PULVER, Appellees

________________________________________________________________

 

On Appeal from the 165th District Court

Harris County, Texas

Trial Court Cause No. 01‑03124

________________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

In
this restricted appeal, David Lindsay and Dominion Custom Homes, Inc. (ADominion@) appeal a post-answer default
judgment entered in favor of Thomas and Kelly Moody (Athe Moodys@) and Mel Pulver on the grounds that:
(1) Lindsay was entitled to, but denied, 20 days in which to answer Pulver=s cross-claim; and (2) the evidence
was insufficient to support the judgment. 
We affirm.








Background

The
Moodys sued Dominion, Pulver, and Lindsay for breach of a home construction
agreement, violations of the Texas Deceptive Trade Practices Act (ADTPA@), fraud, negligence, gross
negligence, conspiracy, and violations of the Residential Construction
Liability Act (ARCLA@).  The Moodys and
Pulver entered into a settlement agreement, and Pulver subsequently filed a
cross-action against Lindsay for breach of fiduciary duty, defalcation,
conversion, and fraud.  After a bench
trial at which Dominion and Lindsay failed to appear, a default judgment (the Ajudgment@) was entered against them in favor
of the Moodys and Pulver.

Standard of Review

As
relevant to this case, to prevail on a restricted appeal, a party must
establish that: (1) it did not participate in the hearing or other
decision-making event that resulted in the judgment complained of; and (2)
error is apparent on the face of the record. 
George Alexander v. Lynda=s Boutique, 134 S.W.3d 845, 848 (Tex. 2004); William
Withem v. Joe Underwood, 922 S.W.2d 956, 957 (Tex. 1996) (per curiam).

Participation at Trial

Because
the judgment and reporter=s record each reflect that Dominion and Lindsay made no
appearance at trial, it is clear that they did not participate in the
decision-making event that resulted in the judgment they complain of, and the
first requirement is met.[1]








Error on the Face of the Record

Timeliness of Cross-claim

Lindsay
contends that the filing of Pulver=s cross-claim against Lindsay only
seven days before trial denied Lindsay the required twenty days to file an
answer to the cross-claim.[2]  In that the answer period on which Lindsay
relies protects a defendant from having a no-answer default taken
against him and without proof of the plaintiff=s liability allegations, Lindsay does
not provide authority or explanation to demonstrate how that answer period is
applicable in this situation where, by reason of his previously filed answer to
the Moodys= petition, he was deemed to have
filed a general denial[3]
to Pulver=s cross-claim and was, thus, not at
risk for having a no-answer default judgment taken on it.[4]








Lindsay
further contends that, by raising new facts and claims from those asserted
against him by the Moodys, Pulver=s assertion of a cross-claim for the
first time within seven days of trial constituted unfair surprise and prejudice
as a matter of law.  As relevant to this
case, parties may generally file pleadings at any time that does not operate as
a surprise to the other party.  See
Tex. R. Civ. P. 63.  However, pleadings may be filed within seven
days of trial only with leave of court, which shall be granted unless there is
a showing of surprise to the opposite party. 
Id.  A trial court may not refuse
to allow such a pleading unless the opposing party shows surprise or the
pleading asserts a new claim or defense and is thus prejudicial on its
face.  State Bar of Tex. v. Kilpatrick,
874 S.W.2d 656, 658 (Tex. 1994). 
However, even where the foregoing conditions are met, so that a trial
court may refuse to allow the pleading, it still has discretion whether
to do so, based on whether the pleading would pose a level of surprise or
unfair prejudice that could impair the opposing party=s ability to present its
defense.  Id.

In
this case, to whatever extent the assertion of new facts and claims in Pulver=s cross-claim allowed the
trial court to refuse it, the mere assertion of any new facts and claims did
not alone require the trial court to do so.  Therefore, because Lindsay has not
demonstrated any actual surprise or prejudice from the cross-claim,[5]
this contention affords no basis for relief and is overruled.

Sufficiency of the Evidence

To
demonstrate error on the face of the record, Dominion and Lindsay contend that the
evidence is legally insufficient to prove liability under any of appellees= claims.[6]  In determining whether a finding is supported
by legally sufficient evidence, we view the evidence in the most favorable
light and indulge every inference in its favor. 
Tarrant Reg=l Water Dist. v. Gragg, ___ S.W.3d ___, ___ (Tex. 2004).








The
testimony pertaining to liability on Pulver=s claims includes the following:

Q         Mr. Pulver, you=ve alleged in your action against Mr. Lindsay that he
made those misrepresentations to you?

A         Yes.

Q         And that you gave the
money based on those?

A         Yes.

Q         Approximately how much
money did you give Mr. Lindsay?

A         $115,668.00

*          *          *          *

Q         Explain to the Court how
you=ve been damaged as a result of Mr. Lindsay=s misrepresentations to you.

A         Well, I invested
115,000, which I didn=t get back.  I
paid a settlement to the Moodys for 5,500; . . . .

 

The
testimony pertaining to liability on the Moodys= claims includes the following: 

Q:        As a result of the actions and events
that you have chronicled in your [third amended petition], have you suffered
damage . . . ?

A:        Yes.

Q:        Are those actions and damages a direct
and proximate result of things that were done by Dominion Custom Homes and
David Lindsay?

A:        Yes.








Viewed
in the most favorable light, the foregoing testimony supports an inference that
the witnesses were testifying that the facts, events, and conduct alleged in
the respective pleadings had occurred and caused them damage.  Conversely, Lindsay and Dominion=s brief has not argued, cited
authority, or provided reasoning to demonstrate that: (1) such testimony does
not constitute evidence of the matters set forth in the pleadings; or (2) the
facts set forth in the pleadings are not sufficient to support recovery under
any of appellees= respective claims. 
Under these circumstances, Lindsay and Dominion have failed to establish
the insufficiency of the evidence and, thus, error on the face of the
record.  Accordingly, their issues are
overruled, and the judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed September 30, 2004.

Panel consists of Justices Fowler, Edelman, and
Seymore.  (Seymore, J., concurs in result
only.)

 











[1]           Although
the same attorney had initially represented both Pulver and Dominion, the
judgment states that: (1) Pulver appeared at trial but Dominion did not; and
(2) the motion to withdraw previously filed by Dominion=s counsel was granted. 
Because the record thus reflects that Dominion had no attorney at trial,
and because a corporation cannot appear without an attorney, we have no basis
to conclude that Dominion participated in the trial.  See Kunstoplast of Am. v. Formosa Plastics
Corp., USA, 937 S.W.2d 455, 456 (Tex. 1996).





[2]           See
Tex. R. Civ. P. 99 (requiring
citation to include notice that a default judgment may be taken if an answer is
not filed by the Monday following the twentieth day after service of citation);
id. 107 (prohibiting default judgment from being granted until citation
has been on file ten days); id. 239 (authorizing default judgment to be
taken against a defendant who has not previously filed an answer if citation
has been on file for the period required by rule 107).





[3]           See
Tex. R. Civ. P. 92 (when a
cross-claim is served on a party who has made an appearance in the action, the
party so served, in the absence of a responsive pleading shall be deemed to
have pleaded a general denial to the cross-claim).





[4]           See,
e.g., Bradley Motors, Inc. v. Mackey, 878 S.W.2d 140, 141 (Tex. 1994)
(recognizing that for post-answer default, trial court may not render judgment
on the pleadings as it could for a no-answer default); Holt Atherton Indus.,
Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992) (reciting that once a (no-answer)
default is taken on an unliquidated claim, all allegations in the petition are
deemed admitted except the amount of damages). 
Lindsay=s position on this issue would suggest that
cross-claims may not be filed within twenty days of a trial setting, without
regard to Texas Rule of Civil Procedure 63, discussed below.  We thus disagree with Taliaferro to
the extent it suggests that a twenty-day answer period must be afforded to
parties who have already made an appearance in the case.  See Taliaferro v. Texas Commerce Bank,
669 S.W.2d 172, 173B74 (Tex. App.CFort
Worth 1984, no writ).





[5]           As a
practical matter, it would seem particularly difficult for a party to
demonstrate surprise or prejudice to a position that they were not even present
to defend at trial in the first place.





[6]           To
obtain a post-answer default judgment, a plaintiff must offer evidence to prove
all aspects of his case.  Bradley
Motors, Inc. v. Mackey, 878 S.W.2d 140,141 (Tex. 1994).  A post-answer default judgment can thus be
challenged for legal sufficiency of the evidence.  Norman Communications v. Texas Eastman
Co., 955 S.W.2d 269, 270 (Tex. 1997) (per curiam).