

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-25-00128-CV

---

### In the Estate of Sally Hood Coyle, Deceased

---

On Appeal from the County Court at Law
Medina County, Texas
Trial Court No. 9856A

---

## DISSENTING MEMORANDUM OPINION

I respectfully dissent from the majority opinion. In my view, the evidence shows Ross conclusively established his affirmative defense that Haukom voluntarily accepted benefits under Coyle's will, and because Haukom did not otherwise raise a fact issue that her acceptance of the benefits was involuntary, I would affirm the trial court's grant of summary judgment in favor of Ross.[1]

---

[1] *See Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014) ("[A] party moving for traditional summary judgment . . . ha[s] the burden to submit sufficient evidence that establishe[s] on its face that 'there is no genuine issue as to any material fact' and that [the movant] is 'entitled to judgment as a matter of law.'"; "When a movant meets that burden of establishing each element of the claim or defense on which it seeks summary judgment, the burden then shifts to the non-movant to disprove or raise an issue of fact as to at least one of those elements.").

Haukom argues that she was coerced into signing an illegal release to obtain the benefits bequeathed to her under Coyle's will. But Haukom could simply have declined to sign the illegal release. The only result would have been that she would not have immediately received benefits under Coyle's will and might have had to go to court to obtain them. In other words, release or no release, the relevant point here is that Haukom was not coerced into *taking benefits under the same will she wishes now to contest*. The question before us is whether Haukom can still challenge Coyle's will after accepting benefits under it. Under well-established law, she cannot. "Equity does not permit the beneficiary of a will to grasp benefits under the will with one hand while attempting to nullify it with the other." *Estate of Johnson*, 631 S.W.3d 56, 61 (Tex. 2021); *see also In re Estate of McFatter*, 94 S.W.3d 729, 734 (Tex. App.—San Antonio 2002, no pet.) ("The doctrine of election is based on the principle that a person may not take benefits under a will and, at the same time, set up a right or claim of his own, even if well founded, which would defeat or in any way prevent the full effect and operation of every part of the will.") (quoting *Smith v. Smith,* 657 S.W.2d 457, 459 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.)). Thus, it is an affirmative defense to a will contest that the contestant "voluntarily accepted" benefits under the will. *Johnson*, 631 S.W.3d at 61. Unrebutted evidence that the contestant accepted such benefits is sufficient to establish the defense. *Id*.

There is no dispute that Haukom accepted $50,000 and a set of china bequeathed to her in Coyle's will. Haukom presented no rebutting evidence that her acceptance of these items was involuntary. For example, there is no evidence that Ross forced Haukom to accept these items or that Haukom was compelled to accept them out of economic necessity. *See Waite v. Waite*, 150 S.W.3d 797, 803 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) ("There are . . . exceptions to the acceptance of benefits doctrine. For example, one exception is based on economic necessity, and it applies when the acceptance of benefits is not voluntary because of financial duress or other

economic circumstances.").

Rather than cite evidence that her acceptance of the bequests was involuntary, Haukom contends that her acceptance was "expressly conditioned on her signing a Receipt and Release form, which improperly released [Ross] from any liability as Independent Executor." The unlawfulness of Ross's requirement that Haukom sign such a release[2] did not make her signing or her acceptance of the bequests "involuntary."

In her declaration, Haukom explains why she believes that, as a result of "coercive tactics," she faced a "forced electi[on]" that made her acceptance of the bequests involuntary:

> Mr. Bain made it clear to Carl Green, my attorney at the time, that I could either sign the Receipt and Release, return it, or I would receive nothing from Sally's Estate. Signature and return of the Receipt and Release was a forced condition of delivery of the check and china. After months of attempting to negotiate the language in the originally proposed Receipt and Release, it became clear that Mr. Bain and Lloyd would not remove the release of liability language. Finally, Mr. Bain threatened to take me to court if I did not sign and return the Receipt and Release. Based on this forced electi[on], I signed and returned the Receipt and Release on July 4, 2023.

While Haukom's declaration uses the phrases "forced condition" and "forced electi[on]," it states no facts to support their applicability.[3] Instead, the declaration explains that when Ross refused to remove the release language from the receipt, Haukom decided to sign the document anyway, knowing the release was improper.[4] As an alternative to signing the release, Haukom

---

[2] *See* Tex. Est. Code § 405.002(b) ("An independent executor may not require a waiver or release from the distributee as a condition of delivery of property to a distributee.").

[3] An act that is coerced or obtained by duress, as distinguished from a voluntary act, is one that is performed under a threat "of such character as to destroy the free agency of the party to whom it is directed." *Matter of Marriage of Lehman*, No. 14-17-00042-CV, 2018 WL 3151172, at *3 (Tex. App.—Houston [14th Dist.] June 28, 2018, no pet.); *see also id.* (holding that such a threat "must overcome [the party's] will and cause him to do that which he would not otherwise do, and which he was not legally bound to do," "must be imminent," and "must be such that the person to whom it is directed has no present means of protection."); *see also Richard D. Davis, L.L.P. v. Knott*, No. 14-17-00257-CV, 2019 WL 438788, at *10–11 (Tex. App.—Houston [14th Dist.] Feb. 5, 2019, pet. denied) ("[T]he elements of economic duress or business coercion are: (1) the defendant threatened to do some act that it had no legal right to do; (2) the threat was of such a character as to destroy the plaintiff's free agency; (3) the threat overcame the plaintiff's free will and caused it to do what it otherwise would not have done and that it was not legally bound to do; (4) the restraint was imminent; and (5) the plaintiff had no means of protection.").

[4] As to Haukom's knowledge that the release was improper, during the negotiations over the release, Haukom's

could have requested relief in the probate case, i.e., asked for an order that her bequests be distributed without a release.[5] Haukom's decision to forego this more expensive and time-consuming option and instead sign the receipt and release form to obtain her bequests immediately does not make her acceptance of the bequests "involuntary."

Further, the "threat" by Ross's attorney to "take [Haukom] to court if [she] did not sign and return [the release]" was not evidence of coercion, as Haukom contends, but rather evidence of an offer to resolve the issue in a proper, if less convenient, way. *See Vonocom, Inc. v. AdvoCare Int'l, LP*, No. 05-19-00610-CV, 2020 WL 1528496, at *7 (Tex. App.—Dallas Mar. 31, 2020, no pet.) ("[T]he threat to institute a civil suit or even the actual institution of a civil lawsuit does not constitute duress, as a matter of law[.]").

Finally, if Haukom wished to challenge Coyle's will after accepting benefits under it, she had the option to return the benefits and then proceed with a will contest. *See Matter of Estate of McDaniel*, 935 S.W.2d 827, 829 (Tex. App.—Texarkana 1996, writ denied) ("An offer to return the property and its proceeds to Wheatley prior to initiating this [will] contest would constitute some evidence that McDaniel did not accept benefits under the will.") (citing *Trevino v. Turcotte*, 564 S.W.2d 682, 686 (Tex. 1978)). Instead, Haukom did something she was not entitled to do: both keep the benefits under the will and challenge the will. *Johnson*, 631 S.W.3d at 61 ("Equity does not permit the beneficiary of a will to grasp benefits under the will with one hand while attempting to nullify it with the other.").

---

attorney sent Ross's attorney an email expressly complaining that it was improper:

> The Receipt and Release document you prepared provided a general release of Lloyd E. Ross, Jr. "of any liability as to his management of the Estate." That language is not acceptable to Ms. Haukom or Ms. Yi. Section 405.002(b) of the Texas Probate Code provides: "An independent executor may not require a waiver or release from the distributee as a condition of delivery of property to a distributee." Ms. Haukom and [Ms. Yi] want that language removed.

[5] In fact, the record reflects that Ross's attorney offered to "deliver the property . . . in the courtroom at a distribution hearing in the Medina County Courthouse."

For these reasons, I do not agree with the majority opinion's conclusion that Haukom raised a fact issue as to whether she was subjected to "coercive tactics" that made her acceptance of the bequests involuntary. However, I do agree with the majority opinion that Haukom did not otherwise show that her acceptance was involuntary.[6] Because I would affirm the trial court's summary judgment in favor of Ross, I respectfully dissent from the majority opinion.

LISA J. SOTO, Justice

May 13, 2026

Before Salas Mendoza, C.J., Palafox, and Soto, JJ.
Soto, J., dissenting

---

[6] Haukom contends her acceptance of benefits under her mother's will was involuntary for a second reason, namely, she "lacked critical information when she accepted [the] benefits," i.e., "[a]t the time she signed the Receipt and Release, she was unaware of material facts regarding her mother's deteriorated mental state and the extent of [Ross's] abuse and undue influence." The majority opinion concludes that Haukom raised no fact issue as to whether she "lacked [knowledge of] material facts of the circumstances at the time of acceptance." I agree.

5